IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

DEC 1 0 2020

CLERK, U.S. DISTRICT COURT
By_____
Deputy

| | | |
|---|---|---|
| BEN E. KEITH, CO., | § | |
| D/B/A BEN E. KEITH FOODS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 4:20-CV-133-A |
| | § | |
| DINING ALLIANCE, INC., | § | |
| | § | |
| Defendant. | § | |

ORDER

Came on for consideration the motion of plaintiff, Ben E. Keith Co. d/b/a Ben E. Keith Foods, for preliminary injunction. The court, having considered the motion, the response of defendant, Dining Alliance, Inc., the reply, the record, and applicable authorities, finds that the motion should be denied.

A preliminary injunction is an extraordinary remedy. Atchafalaya Basinkeeper v. United States Army Corps of Engineers, 894 F.3d 692, 696 (5th Cir. 2018). The movant must prove a likelihood of prevailing on the merits, demonstrate a substantial threat of irreparable injury if the injunction is not granted, show that the threatened injury outweighs any harm that will result to the nonmovant, and show that the injunction will not disserve the public interest. Id.; Janvey v. Alguire, 647 F.3d 585, 595 (5th Cir. 2011).

Plaintiff is a broad-line distributor of food and beverage products. Defendant is a group purchasing organization ("GPO") that negotiates to obtain products for its members at discount pricing. In order to obtain rebates from manufacturers, defendant submits proof of customer purchases to manufacturers through third-party rebate processors. After defendant's rebate processor invoices the manufacturer using the member's proof of purchase, the manufacturer issues a rebate payment to defendant's rebate processor, which issues payment to defendant, which issues a check (known as a "Manufacturer Appreciation Program" or "MAP" check) to the member. Plaintiff and defendant are not competitors.

On or about May 31, 2013, plaintiff and defendant entered into a purchase agreement pursuant to which plaintiff's customers who became members of defendant could obtain discount pricing. On August 28, 2018, plaintiff gave notice to defendant that it elected not to renew the purchase agreement. Plaintiff elected to proceed with another GPO and rebate processor. A lawsuit followed, No. 4:18-CV-881-O in this court. The action was settled, but each party now accuses the other of deceptive activity and violation of the settlement agreement.

Plaintiff enters into contracts with its customers pursuant to which it grants the customers a license to use plaintiff's

Entrée Software System ("Entrée"). The parties agree that Entrée is a proprietary system.[1] Plaintiff provides its customers with unique usernames and password information to access Entrée.

Plaintiff learned that defendant had on occasion sought from plaintiff's customers username and password information so that it could access Entrée in their stead.[2] In late September 2020, plaintiff notified defendant that it would seek a preliminary injunction to stop such activity. Defendant agreed that it would cease such activity and instructed its sales representatives not to seek access to Entrée. But, because defendant "did not accept responsibility for its conduct" and "did not apologize," among other reasons, plaintiff filed this motion for preliminary injunction. Doc. 30[3] at 7.

It appears that the only real issue with regard to the injunctive relief sought is whether plaintiff's customer's proof of purchase history—that is, the record that a customer purchased products eligible for manufacturer rebates, the quantities purchased, and the amount paid for the products—is plaintiff's confidential information. Plaintiff takes the

---

[1] Defendant does not agree that all of the information input into Entrée is confidential and subject to trade secret or other protection.

[2] The material on which plaintiff relies shows that defendant sought access to Entrée from the customer in order to help the customer obtain rebates on purchases from plaintiff. Plaintiff overlooks that the email to the customer said that the customer could simply send photos of invoices if that worked better. Doc. 29 at 73. (The "Doc. __" reference is to the number of the item on the docket in this case.)

[3] The "Doc. __" reference is to the number of the item on the docket in this case.

position that any information (including proof of purchase history) input into Entrée belongs to it and cannot be disclosed by its customers or anyone else. Simply stating the proposition establishes that it is untenable. Here, it would mean that customers who continued to do business with defendant could not obtain MAPs for products purchased from plaintiff. It would also mean that customers could never seek a better deal from another supplier.

Even assuming plaintiff could prevail on the merits, the court is not persuaded that plaintiff has shown a substantial threat that it will suffer irreparable injury if an injunction is not granted. As stated, defendant has agreed that it will not seek access to Entrée and the court has no reason to believe that it will not comply with its agreement.[4] Plaintiff has not shown that defendant is doing what it agreed not to do. Further, defendant has represented that it does not share proof of purchase history with other distributors, Doc. 32 at 6, ¶ 16. Again, plaintiff has not shown that defendant is sharing such information.

---

[4] The court does not ordinarily take into account new information or arguments raised for the first time in a reply. See, e.g., AAR, Inc. v. Nunez, 408 F. App'x 828, 830 (5th Cir. 2011); Springs Indus., Inc. v. American Motorists Ins. Co., 137 F.R.D. 238 (N.D. Tex. 1991). The court notes, in any event, that the supplemental declarations do not change its opinion. Doc. 40. The declaration of Tracey Sudberry reflects that defendant only sought the customer's proof of purchase information via the format most convenient for the customer. Id. at 9.

Because plaintiff has not shown a likelihood of prevailing on the merits and because it has not demonstrated a substantial threat that it will suffer irreparable injury if an injunction is not granted,

The court ORDERS that plaintiff's motion for preliminary injunction be, and is hereby, denied.

SIGNED December 10, 2020.

_____
JOHN McBRYDE
United States District Judge