

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| BEN E. KEITH, CO., D/B/A BEN E. KEITH FOODS, | § § § | |
| Plaintiff, | § § | |
| VS. | § § | NO. 4:20-CV-133-A |
| DINING ALLIANCE, INC., | § § § | |
| Defendant. | § | |

MEMORANDUM OPINION AND ORDER

Came on for consideration the motions of Foodbuy, LLC ("Foodbuy") and Unity Advantage Group, LLC ("UAG") to dismiss the claims asserted against them by defendant, Dining Alliance, Inc. The court, having considered the motions, the responses of defendant, the replies, the record, and applicable authorities, finds that Foodbuy's motion should be granted in part and that UAG's motion should be granted.

I.

Defendant's Claims at Issue[1]

Defendant asserts claims against Foodbuy and UAG for tortious interference with contractual and/or business relations, common law unfair competition, attorney's fees, and

---

[1] The motions and responses contain a discussion as to whether movants are third parties or counterclaim defendants. The court is persuaded that the latter is the appropriate nomenclature. See Fed. R. Civ. P. 13(h); 6 Charles Alan Wright, Arthur R. Miller, & Mary Kay Kane, Federal Practice & Procedure §§ 1434-35 (3d ed. 2010).

conspiracy. In addition, it asserts claims against Foodbuy for breach of contract and punitive damages. Doc.[2] 46.

The events giving rise to the claims are roughly as follows:

Defendant operates a group purchasing organization for retail dining and food service establishments, providing its members the ability to purchase high quality supplies, inventory, and equipment at significant savings by aggregating members' purchasing requirements and leveraging them to secure rebates and favorable pricing. Its clients apply to be members by submitting a letter of participation. They can terminate their membership by giving 90 days' written notice.

Plaintiff, Ben E. Keith Co. d/b/a Ben E. Keith Foods, is a distributor of food, beverages, and related products and services. On May 13, 2013, plaintiff and defendant entered into a purchase agreement pursuant to which defendant's members could purchase goods and services and plaintiff's customers could become members of defendant. The contract was for a term of five years, but would renew for consecutive one-year periods unless sooner terminated on 120-days' written notice.

---

[2] The "Doc. __" reference is to the number of the item on the docket in this action.

Starting in 2011, Foodbuy served as defendant's rebate processor. Pursuant to a service agreement, Foodbuy was defendant's exclusive agent for contracting with food manufacturers and suppliers for rebates and pricing on products for defendant's members. Foodbuy received proof of purchase records through defendant for its members and distributors like plaintiff who sold products to defendant's members. This reporting was required for Foodbuy to obtain rebates and special pricing. In August 2018, defendant and Foodbuy entered into a confidential settlement and release agreement to wind down their relationship. Pursuant to the agreement, if Foodbuy received a notice of termination by one of defendant's members, it would provide written notice along with the letter of termination signed by the member to defendant by overnight delivery or personal delivery and by email to defendant's general counsel. If notice was not provided as required, Foodbuy could not invoice manufacturers for rebates using that member's purchase data.

Plaintiff gave notice to defendant that the agreement between them would terminate August 31, 2018. Prior to that time, plaintiff requested and defendant provided confidential information regarding defendant's members. Such information was gathered in preparation to solicit defendant's members to

3

terminate their relationship with defendant and to join a newly-created company, UAG, which also obtained rebates and special pricing through Foodbuy.

Plaintiff and defendant engaged in litigation, which settled in April 2019. Plaintiff agreed to provide retroactive and ongoing reporting of member proof of purchase data with respect to defendant's members. In exchange, defendant agreed to pay plaintiff a monthly administrative fee of $62,500. Unbeknownst to defendant, plaintiff began sending member letters of termination to Foodbuy instead of defendant. Plaintiff provided defendant's member purchase data to UAG and Foodbuy to enable them to obtain rebates, thereby taking monies that belonged to defendant.

Without a valid letter of termination of membership served on defendant, only defendant was entitled to obtain rebates on behalf of the member. UAG knew that plaintiff had obligations to ensure that defendant's members properly terminated their relationships with defendant before they could be signed up as UAG members. Foodbuy knew that posting letters of termination on its website did not constitute proper notice of termination to defendant, but nevertheless invoiced manufacturers for rebates on behalf of UAG using defendant's member data.

4

II.

Grounds of the Motions

Foodbuy and UAG each maintain that defendant has not sufficiently pleaded its claims against them.

III.

Pertinent Legal Principles

Rule 8(a)(2) of the Federal Rules of Civil Procedure provides, in a general way, the applicable standard of pleading. It requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), "in order to give the defendant fair notice of what the claim is and the grounds upon which it rests," Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal quotation marks and ellipsis omitted). Although a complaint need not contain detailed factual allegations, the "showing" contemplated by Rule 8 requires the plaintiff to do more than simply allege legal conclusions or recite the elements of a cause of action. Twombly, 550 U.S. at 555 & n.3. Thus, while a court must accept all of the factual allegations in the complaint as true, it need not credit bare legal conclusions that are unsupported by any factual underpinnings. See Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009) ("While legal conclusions can

5

provide the framework of a complaint, they must be supported by factual allegations.").

Moreover, to survive a motion to dismiss for failure to state a claim, the facts pleaded must allow the court to infer that the plaintiff's right to relief is plausible. Iqbal, 556 U.S. at 678. To allege a plausible right to relief, the facts pleaded must suggest liability; allegations that are merely consistent with unlawful conduct are insufficient. Id. In other words, where the facts pleaded do no more than permit the court to infer the possibility of misconduct, the complaint has not shown that the pleader is entitled to relief. Id. at 679. "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id.

IV.

Analysis

The elements of a claim for breach of contract are: (1) existence of a valid contract, (2) performance by one party, (3) breach by the other, and (4) damages sustained as a result of the breach. Smith Int'l, Inc. v. Egle Grp., LLC, 490 F.3d 380, 387 (5th Cir. 2007). Foodbuy contends that defendant failed to sufficiently plead that it suffered damages as a result of

6

Foodbuy's breach of their settlement agreement. The court does not agree. Although it appears that defendant primarily blames plaintiff for the overall scheme, defendant has alleged that Foodbuy improperly obtained rebates related to defendant's members for whom proper notice of termination had not been given. Doc. 46 at ¶ 40, 43.

To state a claim for tortious interference with an existing contract, a party must allege: (1) the existence of a valid contract, (2) an act of interference that was willful and intentional, (3) the interference was a proximate cause of damages, and (4) actual damages or loss occurred. Mumfrey v. CVS Pharmacy, Inc., 719 F.3d 392, 402 (5th Cir. 2013). In this instance, Foodbuy says that the claim fails because (1) no inducement can exists when a contract is legally terminated; (2) defendant has not pleaded facts plausibly showing that Foodbuy interfered with an existing contract; and (3) any argument that Foodbuy participated in a scheme to tortiously interfere is insufficient under Texas law.

Although the court agrees that merely inducing a party to a contract to do what it has a right to do does not constitute actionable interference, ACS Investors, Inc. v. McLaughlin, 943 S.W.2d 426, 430 (Tex. 1997), that is not the allegation here. Instead, defendant maintains that Foodbuy treated the member

7

agreements with defendant as though they had been terminated when it knew that proper termination had not occurred. Doc. 46 at ¶ 40. Foodbuy then invoiced manufacturers on behalf of UAG for rebates that should have gone to defendant. Id. ¶¶ 40, 43-44. Thus, defendant has asserted a claim against Foodbuy.

UAG makes the same arguments regarding tortious interference as Foodbuy. In this instance, however, defendant does not point to any specific pleadings that support such a claim against UAG. Defendant cites to ¶ 36 of its amended counterclaim, which merely recites that UAG knew or should have known that certain of plaintiff's customers remained members of defendant and that plaintiff had an obligation to ensure that they properly terminated their relationships with defendant before UAG could sign them up.[3] The court cannot discern any claim for tortious interference against UAG.

Foodbuy next argues that defendant cannot proceed on its claim of unfair competition because it has not stated a claim for tortious interference. See Schoellkopf v. Pledger, 778 S.W.2d 897, 904-05 (Tex. App.—Dallas 1989, writ denied)(unfair competition claim must be premised on an independent substantive tort or other actionable conduct). Defendant has stated such a

---

[3] Defendant's description of the allegations made in ¶ 36 is misleading. Doc. 62 at 2-3.

claim, however, so this ground is without merit.

UAG makes the same argument as to unfair competition. Here, as the court has determined, defendant failed to state a claim for tortious interference against UAG. Accordingly, defendant cannot proceed with its unfair competition claim against UAG.

The elements of a claim for civil conspiracy are: (1) two or more persons, (2) an object to be accomplished, (3) a meeting of the minds on the object or course of action, (4) one or more unlawful, overt acts, and (5) damages as a proximate result. R.P. Small Corp. v. Land Dep't, Inc., No. CV H-20-1490, 2020 WL 7230719, at *15 (S.D. Tex. Dec. 7, 2020); RTLC AG Prods., Inc. v. Treatment Equip. Co., 195 S.W.3d 824, 833 (Tex. App.—Dallas 2006, no pet.). As to this claim, Foodbuy and UAG argue that defendant has made nothing more than conclusory allegations. The court agrees. At best, defendant says that plaintiff, UAG, and Foodbuy acted "in concert." Doc. 46 at ¶ 40. In response to Foodbuy's motion, defendant argues that it has pleaded much more, but does not cite to any allegations of its pleading in support. Doc. 61 at 11-12. In response to UAG's motion, defendant refers to "detailed allegations describing and clearly demonstrating an intricate and interdependent plan," citing to ¶¶ 27-45 of the amended counterclaim. Doc. 62 at 3. The very description of an "interdependent plan" calls into question any

9

meeting of the minds. The paragraphs cited do not allege any facts to support a meeting of the minds. Rather, they primarily concern plaintiff's actions. Defendant has not stated a plausible conspiracy claim against Foodbuy or UAG.

Foodbuy next urges that defendant's claim for punitive damages must be dismissed. However, dismissal of such claim would be premature at this time as there are underlying claims for which such an award might be appropriate.

Finally, Foodbuy and UAG each argue that defendant has not stated any basis for the recovery of attorney's fees against them. They point out that attorney's fees under Tex. Civ. Prac. & Rem. Code § 38.001 are not available against limited liability companies. Al-Saud v. Youtoo Media LP, 754 F. App'x 246, 254 (5th Cir. 2018); Hoffman v. L&M Arts, No. 3:10-CV-953-D, 2015 WL 1000838, at *10 (N.D. Tex. Mar. 6, 2015), aff'd in part, rev'd in part on other grounds, 838 F.3d 568, 583 n.14 (5th Cir. 2016)(declining to decide the issue but noting that an intermediate Texas court agreed with the district court that the statute only permitted recovery of attorney's fees from an individual or corporation). Defendant does not disagree that statutory fees are not available. It does note that its contract with Foodbuy allows recovery of attorney's fees.

10

V.

Order

The court ORDERS that Foodbuy's motion be, and is hereby, granted in part, and that defendant's claims against Foodbuy for conspiracy and statutory attorney's fees be, and are hereby, dismissed.

The court further ORDERS that UAG's motion to dismiss be, and is hereby, granted; that defendant's claims against UAG be, and are hereby, dismissed; and that defendant take nothing on its claims against UAG.

The court determines that there is no just reason for delay in, and hereby grants, final judgment as to the dismissal of defendant's claims against UAG.

SIGNED March 12, 2021.

_____
JOHN McBRYDE
United States District Judge