IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| **BEN E. KEITH, CO. d/b/a/** | § | |
| **BEN E. KEITH FOODS,** | § | |
| | § | |
| *Plaintiff/Counterclaim Defendant* | § | |
| | § | |
| **v.** | § | **Civil Action No. 4:20-cv-00133-A** |
| | § | |
| **DINING ALLIANCE, LLC,** | § | |
| **BUYERS EDGE PLATFORM, LLC, and** | § | |
| **CONSOLIDATED CONCEPTS, LLC,** | § | |
| | § | |
| *Defendants/Counterclaim Plaintiffs* | § | |
| | § | |
| **v.** | § | |
| | § | |
| **FOODBUY, LLC,** | § | |
| | § | |
| *Counterclaim Defendant/* | § | |
| *Counterclaim Plaintiff* | § | |

**APPENDIX IN SUPPORT OF DINING ALLIANCE, LLC, BUYERS EDGE
PLATFORM, LLC, AND CONSOLIDATED CONCEPTS, LLC AND THEIR
COUNSEL'S RESPONSE TO THE COURT'S DECEMBER 30, 2021 ORDER**

| Description | App. |
|---|---|
| Declaration of Adam L. Littman, Esq. | 0001 |
| Declaration of Joseph P. Crimmins, Esq. | 0044 |
| Declaration of Benjamin M. Greene, Esq. | 0048 |
| Dining Alliance, LLC's Response to Foodbuy, LLC's First Request for Production of Documents | 0062 |
| Articles of Entity Conversion of a Domestic Business Corporation to a Domestic Other Entity of Dining Alliance, Inc. to Dining Alliance, LLC dated June 6, 2019 | 0076 |

Excerpts from Joseph Corrigan Deposition dated
September 28, 2021 ......................................................................................................................0080

Excerpts from Christina Davie Donahue Deposition dated
November 3, 2021 ......................................................................................................................0083

Respectfully Submitted,

*/s/ Rachel Ziolkowski Ullrich*
Rachel Ziolkowski Ullrich
Texas Bar No. 24003234
rullrich@fordharrison.com

**FORDHARRISON LLP**
1601 Elm Street, Suite 4450
Dallas, Texas 75201
Telephone: (214) 256-4700
Facsimile: (214) 256-4701

-and-

Joseph P. Crimmins, BBO # 556582
Joseph.crimmins@arentfox.com
Adam L. Littman, BBO # 673407
Adam.littman@arentfox.com

**ARENT FOX LLP**
Prudential Tower
800 Boylston Street
Boston, MA 02199
Telephone: (617) 973-6100
(admitted *pro hac vice*)

**ATTORNEYS FOR
DINING ALLIANCE, LLC and
BUYERS EDGE PLATFORM, LLC**

## <u>CERTIFICATE OF SERVICE</u>

     I, Rachel Ziolkowski Ullrich, Esq., hereby certify that on this 7th day of January 2022, I electronically filed the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court.

*/s/ Rachel Ziolkowski Ullrich*
Rachel Ziolkowski Ullrich

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| BEN E. KEITH, CO. d/b/a/ <br> BEN E. KEITH FOODS, | § <br> § <br> § | |
| *Plaintiff/Counterclaim Defendant* | § <br> § | |
| v. | § <br> § | Civil Action No. 4:20-cv-00133-A |
| DINING ALLIANCE, LLC, <br> BUYERS EDGE PLATFORM, LLC, and <br> CONSOLIDATED CONCEPTS, LLC, | § <br> § <br> § <br> § | |
| *Defendants/Counterclaim Plaintiff* | § <br> § | |
| v. | § <br> § | |
| FOODBUY, LLC, | § <br> § <br> § | |
| *Counterclaim Defendant/* <br> *Counterclaim Plaintiff* | § <br> § | |

DECLARATION OF ADAM L. LITTMAN, ESQ.

I, Adam L. Littman, Esq., hereby declare as follows:

1.      I am a member of the Bar of the Commonwealth of Massachusetts in good standing. I am admitted to practice *pro hac vice* before this Court.  My firm, Arent Fox LLP, represents Dining Alliance, LLC ("DA, LLC") in this action.  We also represent Buyers Edge Platform, LLC ("Buyers Edge") and Consolidated Concepts, LLC ("CC").  I make the following statements of my own knowledge, except as to those matters set forth in this declaration as being based on my belief or understanding.  With respect to the latter, I believe them to be true.

2.      Ben E. Keith, Co. ("BEK") commenced this action by filing a Complaint on February 17, 2020 against Dining Alliance, Inc. ("DA, Inc.") based, in part, on an April 2019 settlement agreement, which identified DA, Inc. as a party to the agreement.  ECF No. 1.  The

1

settlement agreement arose of out of a previous litigation between BEK and DA, Inc. in the Northern District of Texas, C.A. No. 4:18-cv-00881-O. My colleague, Joseph P. Crimmins, Esq., and I served as counsel to DA, Inc. in the first litigation between BEK and DA, Inc.

3.      At the outset of this action, I did not know that, in June 2019, DA, Inc., formerly a Massachusetts corporation, had been converted to DA, LLC, a Massachusetts limited liability company.

4.      In May 2020, my office assisted with preparing an Answer and Counterclaim, which was filed on behalf of DA, Inc. On June 24, 2020, Attorney Crimmins and I filed *pro hac vice* applications on behalf of DA, Inc.

5.      In June 2020, I worked with our client to prepare a certificate of interested persons, which was filed on June 2, 2020 on behalf of DA, Inc. ECF No. 14. The certificate named Buyers Edge as the name of the parent corporation. The certificate also named Buyers Edge and DA, LLC as legal entities financially interested in the outcome of the case. I was not aware at that time that DA, Inc. had become DA, LLC.

6.      On July 24, 2020, my office served Rule 26(a)(1) disclosures by email on counsel of record for BEK. I believe I learned that DA, Inc. was not the correct name of the entity and that the entity had become DA, LLC when working with our client to prepare the disclosures. The initial disclosures were served on behalf of DA, LLC with the correct entity name in the heading, body, and signature block of the document. A true and accurate copy of DA, LLC's initial disclosures are attached as Exhibit A.

7.      After July 2020, as a general matter, all pleadings filed and discovery served by my office used the correct entity name – DA, LLC – in the headings, body, and signature block of the documents. We also changed the case caption to name DA, LLC.

AFDOCS/25152507.1

8.      I recall informing counsel of record for BEK, Stephen Clarke, Esq., of the name change from DA, Inc. to DA, LLC.  I believe the topic came up, at the latest, in September 2020 when the parties were negotiating the terms of a proposed preliminary injunction sought by BEK. Attorney Clarke initially emailed me a copy of a proposed draft injunction.  On September 25, 2020, I emailed Attorney Clarke proposed revisions which included changing the name of DA, Inc. to DA, LLC.  A copy of my email to Attorney Clarke with the revised injunction is attached as Exhibit B.  Attorney Clarke replied on September 30, 2020 with an updated draft incorporating some of my changes, including the name change from DA, Inc. to DA, LLC.  A copy of Attorney Clarke's email is attached as Exhibit C.

9.      In December 2020, I worked with Attorney Clarke to prepare a Confidentiality Agreement governing the production, disclosure, and use of documents, testimony, and other information in the action.  The Confidentiality Agreement was entered into between BEK, DA, LLC, Buyers Edge Platform, LLC, and Consolidated Concepts, LLC.  DA, Inc. was not listed as a party.  Attorney Clarke approved and signed the Confidentiality Agreement on behalf of BEK. A copy of my email correspondence with Attorney Clark and a copy of the Confidentiality Agreement is attached as Exhibit D.

10.      In April 2021, I worked with Attorney Clarke to prepare and file a joint motion by BEK and DA, LLC in support of a motion by Foodbuy, LLC ("Foodbuy") to continue the trial date and modify the scheduling order.  ECF No. 69.  This occurred after the joinder of Foodbuy and the Court's denial, in part, of Foodbuy's motion to dismiss under Fed. R. Civ. P. 12(b)(6). Before filing, I emailed a copy of the motion to Will Snyder, Esq., counsel for Foodbuy, who responded that Foodbuy did not oppose the motion.  My email exchanges with Attorney Snyder are attached as Exhibits E and F.

3

11.     In the joint motion, ECF No. 69, there was a footnote after DA, LLC's name in the introductory paragraph stating, "Dining Alliance, LLC was named in the Complaint by its former name, Dining Alliance, Inc.  The parties will file a stipulation to correct the name."  Unfortunately, neither a stipulation nor a motion to correct the name of the entity was prepared or filed.

12.     On two occasions, DA, LLC sought and obtained leave to file an amended counterclaim.

13.     On November 10, 2020, DA, LLC filed a motion to amend and join Foodbuy and Unity Advantage Group, LLC as counterclaim defendants.  ECF No. 35.  The proposed amended counterclaim, which was attached to the motion, alleged "Counterclaim Plaintiff, Dining Alliance, LLC, is a Massachusetts limited liability company with a principal place of business at 307 Waverley Oaks Road, Suite 401, Waltham, MA 02452."  ECF No. 35-2, ¶ 1.

14.     When DA, LLC filed its Answer to the First Amended Complaint and Amended Counterclaim, DA, Inc., instead of DA, LLC, was mistakenly identified in Paragraph 1 of the Amended Counterclaim.  ECF No. 46.  I believe this was a drafting oversight resulting from using as a template the original Answer and Counterclaim naming and filed on behalf of DA, Inc.

15.     On October 13, 2021, DA, LLC filed a motion for leave to further amend its counterclaim.  ECF No. 84.  Both the proposed and filed Second Amended Counterclaim alleged "Counterclaim Plaintiff, Dining Alliance, LLC, formerly known as Dining Alliance, Inc. ('DA'), is a Massachusetts limited liability company with a principal place of business at 307 Waverley Oaks Road, Suite 401, Waltham, MA 02452."  ECF No. 84-1, ¶ 1; ECF No. 90, ¶ 1.

16.     After Foodbuy filed its motion to dismiss for lack of subject-matter jurisdiction and the Court ordered each of the parties to file documents establishing their citizenship, my office worked diligently to conduct research of public records and work with our clients' in-house

4

counsel, Joseph W. Corrigan, Esq., to investigate the citizenship and corporate structure of DA, LLC, Buyers Edge, and CC (collectively, the "DA Parties"). Partnerships affiliated with Bregal Sagemount, a private equity firm, were investors in and members of Buyers Edge. However, Attorney Corrigan did not have knowledge of the identities or citizenship of the limited partners of the partnerships affiliated with Bregal Sagemount that were members of Buyers Edge. We did not seek to hide any information from the Court or the other parties, and we would never consider doing so.

17.     After the Court ordered the DA Parties to file an amended response, my office worked with Attorney Corrigan and in-house counsel for Bregal Investments to obtain as much information as possible regarding the identities and citizenship of the corporation and limited partnership members of Buyers Edge (the sole member of DA, LLC and CC) as well as the tiers of partners under the umbrella of the Bregal limited partnerships.

18.     In addition, my office obtained a supplemental declaration from in-house counsel for Bregal Investments after BEK submitted a filing questioning whether the DA Parties' Texas citizenship existed at the time the action was filed. The supplemental declaration confirms that the Texas-based individual who is a partner in one of the relevant Bregal Sagemount partnerships has held that interest since before the time of filing of this case.

Executed this 7th day of January 2022 under the penalties of perjury.

_____
Adam L. Littman, Esq.

AFDOCS/25152507.1

# Exhibit
# A

**Exhibit A**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | | |
|---|---|---|
| **BEN E. KEITH, CO. d/b/a/** | § | |
| **BEN E. KEITH FOODS,** | § | |
| | § | |
| *Plaintiff* | § | |
| | § | |
| **v.** | § | **Civil Action No. 4:20-cv-00133-A** |
| | § | |
| **DINING ALLIANCE, INC.,** | § | |
| | § | |
| *Defendant.* | § | |

### RULE 26(a)(1) DISCLOSURES OF DEFENDANT DINING ALLIANCE, LLC

Pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure, Defendant Dining Alliance, LLC ("DA"), submits the following initial disclosures.  DA reserves the right to amend, revise, or supplement these disclosures as this matter proceeds.

**A.**   **Rule 26(a)(1)(A)(i) – Individuals Likely to Have Discoverable Information**

Based upon the information reasonably available at this time, DA is currently aware of the following individuals likely to have discoverable information that they may use to support their claims and/or defenses in this case:

1.   John Davie
Dining Alliance, LLC
307 Waverly Oaks Rd, Suite 401
Waltham, MA 02452

Mr. Davie is the Chief Executive Officer of DA and has knowledge or information regarding the following subjects:

a) The Purchase Agreement, including the negotiation, performance, and termination thereof;

b) DA's group purchasing programs;

    c) DA's relationships with DA's members, Plaintiff Ben E. Keith Company ("BEK"), and Foodbuy;

    d) Communications between DA and BEK;

    e) Communications between DA and its members that purchase through BEK;

    f) Communications between DA and Foodbuy;

    g) BEK's wrongful attempts to cause DA members to terminate their membership with DA and sign up with Unity Advantage Group, LLC ("UAG");

    h) BEK's failure to satisfy the terms of the Settlement Agreement reached by the parties in April 2019;

    i) BEK's failure to provide data on purchases by DA members that have not validly terminated their membership with DA;

    j) BEK's wrongful signing of letters of termination on behalf of DA members without the members' authority, consent, or knowledge;

    k) BEK's disparagement of DA in the marketplace and to customers;

    l) BEK's wrongful representations to members of DA and its affiliate that DA rebate checks delivered to them by BEK were from UAG;

    m) BEK's wrongful disclosure of DA confidential member information and purchase data to UAG and Foodbuy, despite the members' directives to BEK to provide DA with such data and the Settlement Agreement obligations requiring BEK to do the same;

    n) BEK's wrongful disclosure of DA's affiliate's confidential membership information and purchase data to UAG and Foodbuy, despite the members' directives to BEK to provide DA's affiliate with such data;

    o) UAG's and Foodbuy's likely fraudulent invoicing to manufacturers on purchases made by members of DA and its affiliate;

    p) Monetary damages suffered by DA on account of BEK's wrongful conduct.

2.    Joseph W. Corrigan, Esq.
    Dining Alliance, LLC

2

307 Waverly Oaks Rd, Suite 401
Waltham, MA 02452

Mr. Corrigan is the General Counsel and Vice President of Stragegic Relations of DA and has knowledge or information regarding the subject areas identified in subparagraphs 1(a)-(p) above.

3.    Christina Davie
Dining Alliance, LLC
307 Waverly Oaks Rd, Suite 401
Waltham, MA 02452

Ms. Davie is the President of DA and has knowledge or information regarding most, if not all, of the subject areas identified in subparagraphs 1(a)-(p) above.

4.    Rick Gailey
Dining Alliance, LLC
307 Waverly Oaks Rd, Suite 401
Waltham, MA 02452

Mr. Gailey is DA's Vice President of Sales and Business Development and has knowledge or information regarding most, if not all, of the subjects identified in subparagraph 1(a)-(p) above.

5.    Arthur Tsebetzis
Dining Alliance, LLC
307 Waverly Oaks Rd, Suite 401
Waltham, MA 02452

Mr. Tsebetzis is a Senior Vice President at DA and has knowledge or information regarding most, if not all, of the subject areas identified in subparagraphs 1(a)-(p) above.

6.    Craig Woodcook
Ben E. Keith Company
601 East 7th Street
Fort Worth, TX 76102

DA understands that Mr. Woodcook is BEK's General Counsel.  Mr. Woodcook is believed to have knowledge or information regarding the subject areas identified in subparagraphs 1(a)-(d), and 1(g)-(o) above.  In addition, Mr. Woodcook is believed to have knowledge regarding the following additional subject areas:

    a)  The relationships between and among BEK, UAG, and Foodbuy;

    b)  BEK communications with UAG;

    c)  BEK communications with Foodbuy; and

    d)  BEK communications with DA's members that purchase through BEK;

7.    Sheila Thornburg
    Ben E. Keith Company
    601 East 7th Street
    Fort Worth, TX 76102

    DA understands that Ms. Thornburg is a Vice President at BEK.  Ms. Thornburg is believed to have knowledge or information regarding the subject areas identified in subparagraphs 1(a)-(d), 1(g)-(o), and 6(a)-(d) above.

8.    Larry Neal
    Ben E. Keith Company
    601 East 7th Street
    Fort Worth, TX 76102

    DA understands Mr. Neal is the Director of Finance for National Accounts at BEK.   He is believed to have knowledge or information regarding the subject areas identified in subparagraphs 1(a)-(d), 1(g)-(o), and 6(a)-(d) above.

9.    David Hutch
    Unity Advantage Group, LLC
    2500 Cumberland Parkway SE, Suite 600
    Atlanta, GA 30339

    Mr. Hutch works for UAG and is believed to have knowledge regarding the subject areas identified in subparagraphs 1(c), (g), (i), (l)-(o) and 6(a)-(b).   In addition, Mr. Hutch is believed to have knowledge or information regarding the following additional subject areas:

    a)  UAG communications with Foodbuy.

10.    Bob Stewart
    Unity Advantage Group, LLC
    2500 Cumberland Parkway SE, Suite 600
    Atlanta, GA 30339

    Mr. Stewart works for UAG and is believed to have knowledge regarding the subject areas identified in subparagraphs 1(c), (g), (i), (l)-(o), 6(a)-(b), and 10(a).

11.    Foodbuy representatives

Certain representatives of Foodbuy whom DA has not yet identified are believed to have knowledge or information regarding the subject areas identified in 1(c), (f), (m)-(o), 6(a) and (c), 10(a), and the provision of deviated pricing and rebate portfolio access by Foodbuy to DA and/or UAG members who buy through BEK.

12.    DA members

Certain members of DA have knowledge or information regarding the subject areas identified in subparagraphs 1(b), (e), (j)-(o), and 6(d).

DA reserves the right to supplement these disclosures with the identification of additional persons or entities who may be used to support DA's claims and defenses at such time as their identity is revealed through further investigation, discovery in this matter, or otherwise.

**B.    Rule 26(a)(1)(A)(ii) – Documents, electronically stored information and tangible things**

Based upon the information reasonably available to DA at this time, the following describes the categories of documents, electronically stored information, and tangible things in DA's possession, custody, or control of which DA is currently aware that DA may use to support its claims and defenses:

1.    Correspondence between DA and BEK, including those between their respective outside counsel;

2.    Correspondence between DA and/or its affiliate, on the one hand, and their respective members, on the other hand;

3.    Correspondence sent by BEK;

4.    Correspondence between DA and Foodbuy;

5.    DA membership documentation including Letters of Participation and Letters of Termination;

6.    UAG membership documentation;

7.    Agreements between DA and BEK, including the Purchase Agreement and the Settlement Agreement.

8.    Rebate checks issued to DA members;

9.      Financial records concerning damages suffered by DA on account of BEK's wrongful conduct.

All documents are located at 307 Waverly Oaks Rd, Suite 401, Waltham, MA 02452 or are in the possession of DA's counsel.

DA reserves the right to supplement these disclosures with the identification of additional categories of documents that may be used to support its claims and/or defenses.

**C.      Rule 26(a)(1)(A)(iii) – Computation of Damages**

In accordance with Fed. R. Civ. P. 26(a)(1)(A)(iii), DA estimates that it has suffered approximately $3,000,000 in loss of annual net revenues as a result of members wrongfully diverted away from DA to date.  In addition, DA has suffered and continues to suffer monetary damages and irreparable harm to its goodwill and reputation in an amount that cannot be quantified.  Further, DA is entitled to approximately $400,000 in liquidated damages for letters of termination executed by BEK without the DA member's authority, consent, or knowledge. DA also seeks to recover its attorneys' fees in an amount to be determined.

**D.      Rule 26(a)(1)(A)(iv) – Identification of Insurance Agreements**

In accordance with Fed. R. Civ. P. 26(a)(1)(A)(iv), DA states that, to its knowledge, there are no insurance policies that may provide coverage with respect to any of the claims asserted in this case.

DA reserves the right to amend, revise, or supplement its disclosures as this matter proceeds and by making these disclosures does not waive any rights or privileges.

*/s/ Rachel Ziolkowski Ullrich*
Rachel Ziolkowski Ullrich
Texas Bar No. 24003234
rullrich@fordharrison.com

6

**FORDHARRISON LLP**
1601 Elm Street, Suite 4450
Dallas, Texas 75201
Telephone: (214) 256-4700
Facsimile: (214) 256-4701

-and-

Joseph P. Crimmins, BBO # 556582
Joseph.crimmins@arentfox.com
Adam L. Littman, BBO # 673407
Adam.littman@arentfox.com

**ARENT FOX LLP**
Prudential Tower
800 Boylston Street
Boston, MA 02199
Telephone: (617) 973-6100
(admitted *pro hac vice*)

**ATTORNEYS FOR
DINING ALLIANCE, LLC**

## <u>CERTIFICATE OF SERVICE</u>

I, Adam L. Littman, Esq., hereby certify that on this 24th day of July 2020, I served a copy of the foregoing upon the following counsel of record by email:

David F. Johnson, Esq.
Stephen R. Clarke
Winstead PC
300 Throckmorton, Suite 1700
Fort Worth, Texas 76102
dfjohnson@winstead.com
sclarke@winstead.com

*/s/ Adam L. Littman*
Adam L. Littman

7

# Exhibit
# B

**Exhibit B**

| | |
|---|---|
| **From:** | Littman, Adam L. |
| **Sent:** | Friday, September 25, 2020 10:23 AM |
| **To:** | Clarke, Stephen; Crimmins, Joseph P. |
| **Cc:** | Johnson, David |
| **Subject:** | RE: Preliminary Injunction |
| **Attachments:** | (Proposed) Preliminary Injunction (AF redline 9.25.20).DOC |

Stephen,

We have reviewed the terms of your draft preliminary injunction. Our client is amenable to working with BEK in good faith in order to reach mutually agreeable terms on this matter. To that end, we have revised your draft as set forth in the attached redline. We have attempted to strike a balance between DA personnel not asking members for their Entrée login credentials or logging into Entrée while preserving members' rights to provide their proof of purchase history to DA so they can earn rebates on their purchases. As we are sure you can appreciate, restaurants and foodservice operators are struggling to survive amid the pandemic and, therefore, it is imperative that they have access to programs of their choice in order to maximize reduction of their expenses.

We propose that, if the parties are able to reach terms, they execute the same in form of a written agreement, not an injunction or anything that would be filed with the court. However, please be advised that should the parties not reach terms, we reserve all rights and remedies.

Please review the attached and let us know of any comments or questions. We can set up another call if it would be helpful.

**Adam L. Littman**
Associate

Arent Fox LLP | Attorneys at Law
The Prudential Tower
800 Boylston Street, 32nd Floor
Boston, MA 02199
617.973.6195 DIRECT | 617.722.4939 FAX
adam.littman@arentfox.com | www.arentfox.com

> **From:** Clarke, Stephen <sclarke@winstead.com>
> **Sent:** Wednesday, September 23, 2020 5:01 PM
> **To:** Littman, Adam L. <Adam.Littman@arentfox.com>; Crimmins, Joseph P. <Joseph.Crimmins@arentfox.com>
> **Cc:** Johnson, David <dfjohnson@winstead.com>
> **Subject:** Preliminary Injunction
>
> Adam, here's the substantive of the preliminary injunction we would be seeking.
>
> **Stephen R. Clarke**
> Winstead PC
> 214.745.5618

> **From:** Clarke, Stephen
> **Sent:** Wednesday, September 23, 2020 11:08 AM
> **To:** Littman, Adam L. (Adam.Littman@arentfox.com) <Adam.Littman@arentfox.com>; Crimmins, Joseph P. (Joseph.Crimmins@arentfox.com) <Joseph.Crimmins@arentfox.com>

App. 0015

Cc: Johnson, David <dfjohnson@winstead.com>
**Subject:** Proposed First Amended Complaint

**Stephen R. Clarke**

Winstead PC | 500 Winstead Building | 2728 N. Harwood Street | Dallas, Texas 75201
214.745.5618 direct | 214.745.5390 fax | sclarke@winstead.com | www.winstead.com

---

Information contained in this transmission is attorney privileged and confidential. It is intended for the use of the individual or entity named above. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copy of this communication is strictly prohibited. If you have received this communication in error, please immediately notify us by telephone.

App. 0016

~~ORDERED, ADJUDGED, and DECREED that~~ Ben E. Keith Co., Inc. d/b/a Ben E. Keith Foods ("BEK") and Dining Alliance, LLC ("DA") hereby agree that, unless otherwise agreed by them in writing, ~~Defendant Dining Alliance, Inc. ("DA")~~ and its partners, agents, servants, employees, attorneys, representatives, and all other persons ~~in active concert or participation with them~~ acting on their behalf (including~~, without limitation, Axis Purchasing,~~ Buyers Edge Platform and~~,~~ Consolidated Concepts~~, Restaurant Partners, and Sundell & Associates~~) ~~are restrained and enjoined from~~ shall not: (1) directly or indirectly access~~ing, use,~~ or attempt~~ing~~ to access or use BEK's Entrée Software System; ~~(2) using BEK's Entrée Software System through any source~~; (~~3~~2) ~~using~~ use any passwords or other log-in information for BEK's Entrée Software System; ~~(4) using any information obtained or derived, directly or indirectly, from BEK's Entrée Software System, and~~ or (~~5~~3) otherwise obtain~~ing~~ BEK's confidential and proprietary information~~ or trade secrets~~ which shall not include customer proof of purchase history but shall ~~including~~ include (a) ~~information related to BEK's customers (including, without limitation, their identity, location, principal contracts, product preferences, cost and price schedules, and purchasing histories), products, and suppliers (b)~~ real-time cost and price information for BEK's products and services, and (b~~c~~) BEK's financial ~~and other~~ information—through or from BEK's Entrée Software System or any other system or source owned or operated by BEK~~, or causing or soliciting BEK's customers to download data from such systems or sources~~. Nothing in this agreement shall restrict or prevent members from providing their proof of purchase history to DA, Buyers Edge Platform or Consolidated Concepts.

# Exhibit C

Exhibit C

| From: | Clarke, Stephen <sclarke@winstead.com> |
|---|---|
| Sent: | Wednesday, September 30, 2020 10:47 AM |
| To: | Littman, Adam L.; Crimmins, Joseph P. |
| Cc: | Johnson, David |
| Subject: | RE: Preliminary Injunction |
| Attachments: | BEK DINING (Proposed) Preliminary Injunction 4816-9684-6796 5.doc; Redline.pdf |

Adam,

Thanks for your comments.
We appreciate your willingness to work with us.

Attached please find an updated version of our proposed injunction incorporating some of your changes.
A couple of explanatory comments:

- First, as you'll see, we have converted the stipulation back into a proposed agreed injunction. BEK is not amendable to a mere written agreement between the parties. The parties already had a written agreement on that front (the settlement agreement), and it doesn't appear to have worked.

- Second, while BEK certainly understands DA's interest in allowing customers to provide their proof of purchase history, we should draw an important distinction between data that is uploaded and maintained by BEK on the Entrée system and data that customers obtain from another source (receipts, etc.) or compile themselves. When customers sign up for Entrée, they promise not to provide the data on the Entrée system to third parties. BEK is not going to tolerate a situation where DA can get around the access restrictions for Entrée by simply asking the customers to access the system themselves. Any data that customers provide to DA must originate from a source other than Entrée.

We are, of course, happy to consider other language that might provide more clarity.
Please let me know.

Two other things:
I still need your position on the motion for leave to amend the complaint.
I also would like your proposal regarding the deadlines for interrogatory responses.

Stephen

**Stephen R. Clarke**
Winstead PC
214.745.5618

---

**From:** Littman, Adam L. <Adam.Littman@arentfox.com>
**Sent:** Friday, September 25, 2020 9:23 AM
**To:** Clarke, Stephen <sclarke@winstead.com>; Crimmins, Joseph P. <Joseph.Crimmins@arentfox.com>
**Cc:** Johnson, David <dfjohnson@winstead.com>
**Subject:** RE: Preliminary Injunction

Stephen,

App. 0019

We have reviewed the terms of your draft preliminary injunction. Our client is amenable to working with BEK in good faith in order to reach mutually agreeable terms on this matter. To that end, we have revised your draft as set forth in the attached redline. We have attempted to strike a balance between DA personnel not asking members for their Entrée login credentials or logging into Entrée while preserving members' rights to provide their proof of purchase history to DA so they can earn rebates on their purchases. As we are sure you can appreciate, restaurants and foodservice operators are struggling to survive amid the pandemic and, therefore, it is imperative that they have access to programs of their choice in order to maximize reduction of their expenses.

We propose that, if the parties are able to reach terms, they execute the same in form of a written agreement, not an injunction or anything that would be filed with the court. However, please be advised that should the parties not reach terms, we reserve all rights and remedies.

Please review the attached and let us know of any comments or questions. We can set up another call if it would be helpful.

**Adam L. Littman**
Associate

**Arent Fox LLP** | Attorneys at Law
The Prudential Tower
800 Boylston Street, 32nd Floor
Boston, MA 02199
617.973.6195 DIRECT | 617.722.4939 FAX
adam.littman@arentfox.com | www.arentfox.com

**From:** Clarke, Stephen <sclarke@winstead.com>
**Sent:** Wednesday, September 23, 2020 5:01 PM
**To:** Littman, Adam L. <Adam.Littman@arentfox.com>; Crimmins, Joseph P. <Joseph.Crimmins@arentfox.com>
**Cc:** Johnson, David <dfjohnson@winstead.com>
**Subject:** Preliminary Injunction

Adam, here's the substance of the preliminary injunction we would be seeking.

Stephen R. Clarke
Winstead PC
214.745.5618

**From:** Clarke, Stephen
**Sent:** Wednesday, September 23, 2020 11:08 AM
**To:** Littman, Adam L. (Adam.Littman@arentfox.com) <Adam.Littman@arentfox.com>; Crimmins, Joseph P. (Joseph.Crimmins@arentfox.com) <Joseph.Crimmins@arentfox.com>
**Cc:** Johnson, David <dfjohnson@winstead.com>
**Subject:** Proposed First Amended Complaint

Stephen R. Clarke
Winstead PC | 500 Winstead Building | 2728 N. Harwood Street | Dallas, Texas 75201
214.745.5618 direct | 214.745.5390 fax | sclarke@winstead.com | www.winstead.com

Information contained in this transmission is attorney privileged and confidential. It is intended for the use of the individual or entity named above. If the

**App. 0020**

reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copy of this communication is strictly prohibited. If you have received this communication in error, please immediately notify us by telephone.

---

CONFIDENTIALITY NOTICE: This e-mail and any attachments are for the exclusive and confidential use of the intended recipient. If you received this in error, please do not read, distribute, or take action in reliance upon this message. Instead, please notify us immediately by return e-mail and promptly delete this message and its attachments from your computer system. We do not waive attorney-client or work product privilege by the transmission of this message.

App. 0021

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| BEN E. KEITH, CO. d/b/a | § | |
| BEN E. KEITH FOODS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 4:20-cv-00133-A |
| | § | |
| DINING ALLIANCE, INC., | § | |
| | § | |
| Defendant. | § | |

**[PROPOSED] PRELIMINARY INJUNCTION**

Before the Court is the Unopposed Motion for Preliminary Injunction filed by Plaintiff Ben E. Keith, Co. d/b/a Ben e. Keith Foods's ("BEK"). After considering the Motion and the other papers on file, it is hereby

~~Ben E. Keith Co., Inc. d/b/a Ben E. Keith Foods ("BEK")~~ ORDERED, ADJUDGED, and DECREED that Defendant Dining Alliance, LLC ~~("DA") hereby agree that, unless otherwise agreed by them in writing, DA~~ and its partners, agents, servants, employees, attorneys, representatives, and all other persons in active concert or participation with them or acting on their behalf (including but not limited to Buyers Edge Platform ~~and~~, Consolidated Concepts, and other affiliated group purchasing organizations and consulting companies) ~~shall not: (1)~~ (collectively, "DA") are restrained and enjoined from:

(1)    directly or indirectly ~~access~~accessing, ~~use~~using, or ~~attempt~~attempting to access or use BEK's Entrée Software System~~;; (2) use~~ or any other system or source owned or operated by BEK (collectively, "Entrée");

(2)    soliciting or using any passwords or other log-in information or credentials for BEK's Entrée ~~Software System; , or (3) otherwise obtain BEK's confidential and proprietary~~;

**App. 0022**

(3)    using any data or information—which shall (including but not include limited to customer proof of purchase history but shall include (a)  real-time, cost and price information for BEK's products and services, and (b) BEK's financial information—through or) obtained from BEK's Entrée Software System or any other system or source owned or operated by BEK or originating in Entrée; and

(4)    soliciting, inducing, or causing BEK's customers to (a) provide such data or information to DA for DA's use or benefit or (b) breach the End User Agreement between BEK and its customers regarding Entrée.

Nothing in this agreement order shall restrict or prevent members DA from providing their soliciting, obtaining, or using customer proof of purchase history to DA, Buyers Edge Platform or Consolidated Concepts from a source other than Entrée.

SIGNED this _____ day of September 2020.

_____
United States District Judge

Document comparison by Workshare 10.0 on Wednesday, September 30, 2020 9:31:02 AM

| Input: | |
|---|---|
| Document 1 ID | netdocuments://4816-9684-6796/3 |
| Description | BEK DINING (Proposed) Preliminary Injunction |
| Document 2 ID | netdocuments://4816-9684-6796/5 |
| Description | BEK DINING (Proposed) Preliminary Injunction |
| Rendering set | standard |

| Legend: | |
|---|---|
| Insertion | |
| Deletion | |
| Moved from | |
| Moved to | |
| Style change | |
| Format change | |
| Moved deletion | |
| Inserted cell | |
| Deleted cell | |
| Moved cell | |
| Split/Merged cell | |
| Padding cell | |

| Statistics: | |
|---|---|
| | Count |
| Insertions | 30 |
| Deletions | 20 |
| Moved from | 1 |
| Moved to | 1 |
| Style change | 0 |
| Format changed | 0 |
| Total changes | 52 |

**App. 0024**

# Exhibit
# D

**Exhibit D**

| | |
|---|---|
| **From:** | Littman, Adam L. |
| **Sent:** | Monday, December 21, 2020 12:47 PM |
| **To:** | Clarke, Stephen |
| **Cc:** | Crimmins, Joseph P.; Rachel Ullrich; Johnson, David |
| **Subject:** | RE: Ben E. Keith v. Dining Alliance |
| **Attachments:** | DA_BEK_ confidentiality agreement (FINAL).PDF |

Thank you, Stephen.

For your records, attached is a final PDF copy of the agreement dated as of today.

Adam

**Adam L. Littman**
**Associate**

Arent Fox LLP | Attorneys at Law
The Prudential Tower
800 Boylston Street, 32nd Floor
Boston, MA 02199
617.973.6195 DIRECT | 617.722.4939 FAX
adam.littman@arentfox.com | www.arentfox.com

**From:** Clarke, Stephen <sclarke@winstead.com>
**Sent:** Monday, December 21, 2020 10:38 AM
**To:** Littman, Adam L. <Adam.Littman@arentfox.com>
**Cc:** Crimmins, Joseph P. <Joseph.Crimmins@arentfox.com>; Rachel Ullrich <RUllrich@fordharrison.com>; Johnson, David <dfjohnson@winstead.com>
**Subject:** RE: Ben E. Keith v. Dining Alliance

Adam,

This is fine — I approve on behalf of BEK.

Stephen

**Stephen R. Clarke**
Winstead PC
214.745.5618

**From:** Littman, Adam L. <Adam.Littman@arentfox.com>
**Sent:** Thursday, December 17, 2020 9:11 AM
**To:** Clarke, Stephen <sclarke@winstead.com>
**Cc:** Crimmins, Joseph P. <Joseph.Crimmins@arentfox.com>; Rachel Ullrich <RUllrich@fordharrison.com>; Johnson, David <dfjohnson@winstead.com>
**Subject:** Ben E. Keith v. Dining Alliance

Stephen,

Attached please find a draft proposed Confidentiality Agreement with respect to discovery in the above matter.

**App. 0026**

Please review and let us know of any comments.

We reserve the right to make further changes.

Regards,
Adam

**Adam L. Littman**
**Associate**

**Arent Fox LLP** | Attorneys at Law
The Prudential Tower
800 Boylston Street, 32nd Floor
Boston, MA 02199
617.973.6195 DIRECT | 617.722.4939 FAX
adam.littman@arentfox.com | www.arentfox.com

CONFIDENTIALITY NOTICE: This e-mail and any attachments are for the exclusive and confidential use of the intended recipient. If you received this in error, please do not read, distribute, or take action in reliance upon this message. Instead, please notify us immediately by return e-mail and promptly delete this message and its attachments from your computer system. We do not waive attorney-client or work product privilege by the transmission of this message.

Information contained in this transmission is attorney privileged and confidential. It is intended for the use of the individual or entity named above. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copy of this communication is strictly prohibited. If you have received this communication in error, please immediately notify us by telephone.

**App. 0027**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | | |
|---|---|---|
| **BEN E. KEITH, CO. d/b/a/** | § | |
| **BEN E. KEITH FOODS,** | § | |
| | § | |
| *Plaintiff/Counterclaim Defendant* | § | |
| | § | |
| **v.** | § | **Civil Action No. 4:20-cv-00133-A** |
| | § | |
| **DINING ALLIANCE, LLC,** | § | |
| **BUYERS EDGE PLATFORM, LLC, and** | § | |
| **CONSOLIDATED CONCEPTS, LLC,** | § | |
| | § | |
| *Defendants/Counterclaim Plaintiff* | § | |
| | § | |
| **v.** | § | |
| | § | |
| **UNITY ADVANTAGE GROUP, LLC, and** | § | |
| **FOODBUY, LLC,** | § | |
| | § | |
| *Counterclaim Defendants* | § | |

## CONFIDENTIALITY AGREEMENT

Ben E. Keith, Co., Dining Alliance, LLC, Buyers Edge Platform, LLC, and Consolidated Concepts, LLC, through their undersigned counsel, have reached the following agreement ("Confidentiality Agreement") governing the production, disclosure, and use in the course of the above-captioned action (the "Action") of documents, data, testimony, and other information or materials that any of them regards as confidential, proprietary, or commercially sensitive:

1.     A party may designate any document, data, testimony, or other information or material, or any portion thereof, produced or disclosed by that party or by a third party in discovery in this Action as "Confidential" or "Attorney's Eyes Only" by stamping such materials with the legend "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY" or otherwise clearly identifying such materials to counsel in writing as Confidential or Attorney Eye's Only, such as by cover letter.  The designation "Confidential" means that the document is comprised of

confidential commercial information that is not publicly known and is of commercial advantage to its possessor, in accordance with Fed. R. Civ. P. 26(c)(1)(G), or other information required by law or agreement to be kept confidential.  The designation "Attorney's Eyes Only" means that (i) the document contains information that the designating party reasonably believes, in good faith, is especially sensitive, which may include, but is not limited to, confidential research and development, financial, technical, marketing, any other sensitive trade secret information and (ii) disclosure to the other parties would be injurious to the business, commercial, or financial interests of the designating party.  For the purposes of this Confidentiality Agreement, "Confidential Materials" shall include the documents, information, and materials designated as "Confidential" or "Attorney's Eyes Only" pursuant to this Paragraph, and any copies, portions, summaries, analyses, or excerpts thereof.

2.      A party may designate information disclosed at a deposition as Confidential or Attorney's Eyes Only by requesting the reporter to so designate the transcript or any portion of the transcript at the time of the deposition.  If no such designation is made at the time of the deposition, any party will have fourteen (14) calendar days after the date of the deposition to designate, in writing to the other parties and to the court reporter, whether the transcript or any portion thereof is to be designated as Confidential or Attorney's Eyes Only.  If no such designation is made at the deposition or within this fourteen (14) calendar day period (during which period, the transcript must be treated as Attorney's Eyes Only, unless the disclosing party consents to less confidential treatment), the deposition will be considered devoid of Confidential Information or Confidential Attorneys Eyes Only Information.

3.      No party concedes that materials designated by any other party as Confidential Materials in fact contain or reflect confidential or proprietary information, or have been properly so designated.  A party shall not be obligated to challenge the propriety of the designation of

2

materials as Confidential Materials at the time made, and failure to do so shall not preclude a subsequent challenge thereof.

      4.    Should any party object to the classification of materials as Confidential Materials, and should the parties be unable to resolve the objection informally, then the party objecting to such classification may seek a ruling from the Court determining that the materials are not properly designated as Confidential Materials.  Until and unless the Court rules to the contrary, all materials designated as Confidential Materials shall be treated as prescribed in this Confidentiality Agreement for materials so designated.

      5.    All Confidential Materials shall be used by any party to whom they are disclosed and/or their attorneys solely for the purposes of the Action, and shall not be used in any manner outside of the Action or for any other purpose.

      6.    Confidential Materials designated Confidential shall not be disclosed in any manner to any person or entity except:

    a.    counsel for any of the parties to the Action, including attorneys regularly employed by such counsel and clerical, paralegal, and secretarial staff employed by such counsel and assisting such counsel in connection with the Action;

    b.    parties to this Action, including officers, directors, or employees of a party assisting in the Action;

    c.    experts assisting any party to this Action, provided that such persons are first given a copy of this Confidentiality Agreement and agree, in writing, to abide by its terms;

    d.    any witness called to give testimony in this Action (whether by deposition or otherwise), provided that the witness shall not be allowed to retain a copy of the document (but may be shown the document);

    e.    court reporters or stenographers employed in connection with the Action;

    f.    the Court and Court personnel;

    g.    as required by federal, state, or other regulatory agencies; or

h.     as otherwise agreed to in writing by the parties, or as required by law.

7.     Confidential Materials designated Attorney's Eyes Only shall not be disclosed in any manner to any person or entity except:

    a.     counsel for any of the parties to the Action, including attorneys regularly employed by such counsel and clerical, paralegal, and secretarial staff employed by such counsel and assisting such counsel in connection with the Action;

    b.     experts assisting any party to this Action, provided that such persons are first given a copy of this Confidentiality Agreement and agree, in writing, to abide by its terms;

    c.     any witness called to give testimony in this Action (whether by deposition or otherwise), provided that the witness shall not be allowed to retain a copy of the document (but may be shown the document);

    d.     court reporters or stenographers employed in connection with the Action;

    e.     the Court and Court personnel;

    f.     as required by federal, state, or other regulatory agencies; or

    g.     as otherwise agreed to in writing by the parties, or as required by law.

8.     The foregoing is without prejudice to the right of the parties hereto to object to the production of materials they consider not subject to discovery.  The production, disclosure, or use of Confidential Materials in the course of this Action shall not waive any privilege or other objection to the use of such materials in this Action.

9.     Before filing or offering as exhibits any pleadings or other documents that contain Confidential Materials, the parties shall confer and attempt to agree on redactions that would permit the filing or offering of the pleadings, exhibits, or other documents in open court.  If the parties are unable to agree on such redactions, the party seeking to file or offer the pleadings or other documents shall move the Court for an order permitting such pleadings or other documents

2229146v1/20550-2

to be filed or offered under seal.  No pleadings or other documents that contain Confidential

Materials shall be filed or offered as evidence prior to the Court's ruling on any such motion.

      10.     Within thirty (30) days after the termination of the Action, the parties shall return

all Confidential Materials, and all electronic and/or paper copies thereof, to the party who

produced such materials, or (at the option of the producing party) certify in writing that these

materials have been destroyed.  However, counsel may retain copies of:  (i) documents filed with

a court; (ii) documents used as exhibits at any trial, hearing, or deposition in connection with the

Action; (iii) transcripts of any hearing or deposition in connection with the Action; (iv) attorney

work product, whether or not such work product contains or references Confidential Materials;

and (v) documents that a party provided to an expert and that the party has been unable to

retrieve from such expert after making reasonable efforts to do so.

      11.     Nothing contained herein shall prevent any party from disclosing and/or using its

own Confidential Materials as it deems appropriate, and any disclosure or use by a party of its

own Confidential Materials shall not be a waiver of the provisions contained herein.

      12.     If Confidential Materials in the possession of a receiving party are subpoenaed by

any court, administrative or legislative body, or any other person purporting to have authority to

subpoena such information, the party to whom the subpoena is directed shall give written notice

of the subpoena (including the delivery of a copy thereof) to the attorneys for the designating

party at least five (5) business days prior to the time when production of the information is

requested by the subpoena.  In the event that the subpoena purports to require production of such

Confidential Materials on less than five (5) business days' notice, the party to whom the

subpoena is directed shall give immediate telephonic notice of the receipt of such subpoena, and

forthwith deliver a copy thereof by hand, facsimile, or email to the attorneys for the designating

party.  Absent a court order to the contrary, the party to whom the subpoena is directed may

5

comply therewith; however, if application for a protective order is made before the return date, the party to whom the subpoena is directed shall not produce such Confidential Materials prior to receiving a court order or the consent of the designating party.

13.    In the event that Confidential Materials are disclosed to someone not authorized under the terms of this Confidentiality Agreement to receive such information, counsel of record for the party causing the disclosure shall, if and to the extent permitted by applicable rules of professional conduct and privilege, immediately inform counsel of record for the producing party, describing the circumstances surrounding the unauthorized disclosure, and shall take reasonable steps to retrieve the Confidential Materials.

14.    This Confidentiality Agreement may be modified only by the parties hereto or upon Order of the Court.  No term of this Confidentiality Agreement shall be waived except by means of a writing executed by the waiving party.

15.    The terms of this Confidentiality Agreement shall survive the termination of this Action and continue in full force and effect thereafter.

16.    The terms of this Confidentiality Agreement shall apply to any materials produced on or after the effective date this Confidentiality Agreement, as well as to any materials produced before the effective date of this Confidentiality Agreement that the producing party retroactively designates as Confidential.  In the case of a retroactive designation, the producing party shall provide the requesting party with replacement documents bearing the appropriate legend, which the requesting party shall promptly substitute for the unmarked version(s) of the documents, which shall be returned to the producing party or (at the option of the producing party) destroyed.

2229146v1/20550-2

STIPULATED AND AGREED:

/s/ Rachel Ziolkowski Ullrich
Rachel Ziolkowski Ullrich
Texas Bar No. 24003234
rullrich@fordharrison.com

**FORDHARRISON LLP**
1601 Elm Street, Suite 4450
Dallas, Texas 75201
Telephone: (214) 256-4700
Facsimile: (214) 256-4701

-and-

Joseph P. Crimmins, BBO # 556582
Joseph.crimmins@arentfox.com
Adam L. Littman, BBO # 673407
Adam.littman@arentfox.com

**ARENT FOX LLP**
Prudential Tower
800 Boylston Street
Boston, MA 02199
Telephone: (617) 973-6100
(admitted pro hac vice)

**ATTORNEYS FOR DINING ALLIANCE,
LLC, BUYERS EDGE PLATFORM, LLC
AND CONSOLIDATED CONCEPTS,
LLC**

Dated:  December 21, 2020

/s/ David F. Johnson
David F. Johnson
State Bar No. 24002357
dfjohnson@winstead.com
Stephen D. Taylor
State Bar No. 24056414
staylor@winstead.com
Stephen R. Clarke
State Bar No. 24069517
sclarke@winstead.com

**WINSTEAD PC**
300 Throckmorton Street, Suite 1700
Fort Worth, Texas 76102
(817) 420-8200
(817) 420-8201 (fax)

**ATTORNEYS FOR BEN E. KEITH CO.**

7

# Exhibit
# E

Exhibit E

| | |
|---|---|
| **From:** | Littman, Adam L. |
| **Sent:** | Friday, April 9, 2021 3:13 PM |
| **To:** | Clarke, Stephen; Snyder, Will |
| **Subject:** | RE: Foodbuy's Motion to Continue Trial Date and  Modify Scheduling Order 4831-7382-5508 1 4818-0747-4916 v.1 |
| **Attachments:** | Joint Motion Regarding Scheduling Order Deadlines (AF edits).DOCX |

Will,

Attached is a draft of the motion BEK and DA intend to file after Foodbuy files its motion. Please review and let us know if we can file unopposed. Please also let us know your thoughts on the draft language for the certificate of conference in Foodbuy's motion.

Thanks,
Adam

**Adam L. Littman**
Partner

Arent Fox LLP | Attorneys at Law
The Prudential Tower
800 Boylston Street, 32nd Floor
Boston, MA 02199
617.973.6195 DIRECT | 617.722.4939 FAX
adam.littman@arentfox.com | www.arentfox.com

**App. 0036**

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | | |
|---|---|---|
| **BEN E. KEITH, CO. d/b/a/** | § | |
| **BEN E. KEITH FOODS,** | § | |
| | § | |
| *Plaintiff/Counterclaim Defendant* | § | |
| | § | |
| **v.** | § | **Civil Action No. 4:20-cv-00133-A** |
| | § | |
| **DINING ALLIANCE, LLC,** | § | |
| **BUYERS EDGE PLATFORM, LLC, and** | § | |
| **CONSOLIDATED CONCEPTS, LLC,** | § | |
| | § | |
| *Defendants/Counterclaim Plaintiff* | § | |
| | § | |
| **v.** | § | |
| | § | |
| **UNITY ADVANTAGE GROUP, LLC, and** | § | |
| **FOODBUY, LLC,** | § | |
| | § | |
| *Counterclaim Defendants* | § | |

**UNOPPOSED MOTION OF PLAINTIFF BEN E. KEITH CO. AND
DEFENDANTS DINING ALLIANCE, LLC, BUYERS EDGE PLATFORM, LLC, AND
CONSOLIDATED CONCEPTS, LLC IN SUPPORT OF MOTION TO CONTINUE
TRIAL DATE AND MODIFY SCHEDULING ORDER BY COUNTERCLAIM
<u>DEFENDANT FOODBUY, LLC AND FOR ADDITIONAL RELIEF</u>**

Plaintiff Ben E. Keith, Co. ("BEK") and Defendants Dining Alliance, LLC[1] ("DA"),

Buyers Edge Platform, LLC ("BEP"), and Consolidated Concepts, LLC ("CC") (collectively, the

"Movants") jointly and respectfully file this unopposed motion for additional relief with respect to

the unopposed motion to continue the trial date and amend the scheduling order filed by

Counterclaim Defendant Foodbuy, LLC ("Foodbuy").

---

[1] Dining Alliance, LLC was named in the Complaint by its former name, Dining Alliance, Inc.
The parties will file a stipulation to correct the name.

Earlier today, Foodbuy filed its motion seeking to continue the trial date (from July 12, 2021, to April 11, 2022), and to modify other deadlines in the scheduling order, including the deadline for discovery (to December 31, 2021), summary judgment motions (to December 22, 2021), and expert designations (to October 15, 2021).   The Movants support and join in Foodbuy's motion, which the Movants respectfully submit is justified and should be granted for the reasons set forth in Foodbuy's motion.   The Movants file this separate motion solely for the purpose of respectfully requesting that this Court broaden the proposed new deadlines for summary judgment motions and expert designations in sections B(d) and B(g) of Foodbuy's motion so that the deadlines apply generally to all claims and defenses asserted in this action by or against any party, and not only to claims asserted by or against Foodbuy.   The Movants respectfully submit that the scheduling relief with respect to these two deadlines should be expanded and apply equally to any claims asserted by any party in the action, for the following reasons.

First, under Foodbuy's proposed new schedule, which extends the period for fact discovery and continues the current trial settling for all parties, there is no compelling reason to extend the deadlines for expert designations and summary judgment motions for some claims and defenses but not for others.   In the event this Court grants Foodbuy's motion, all of the parties to this action will continue to conduct discovery, learn new facts, and develop additional evidence that may require experts and support summary judgment motions.   Expert discovery and dispositive motions logically follow fact discovery, as recognized by the Court's current scheduling order in which the deadlines for expert designations and summary judgment motions are set a certain number of days before the pretrial conference (120 and 75 days before, respectively).   Foodbuy's proposed schedule extends discovery and maintains that same time gap between the expert and summary

judgment deadlines and the pretrial, and all parties should have the opportunity to conduct those pretrial actions seasonably in advance of trial as the evidence warrants.

Second, the relief requested in this motion will promote judicial efficiency in that it will allow all of the parties, including the Movants, to narrow their claims and defenses in advance of trial consistent with the applicable rules, and thereby reduce the length of the trial and the number of issues to be resolved by the jury.  It will also avoid burdening the Court at a later date with individual motions for leave to file expert designations and summary judgment motions out of schedule based on newly discovered facts.

Third, the relief requested in this motion will not prejudice Foodbuy, which does not oppose this request, nor will it delay the resolution of this action within the new schedule proposed by Foodbuy.

Fourth, the relief sought in this motion is not necessitated by any failure on the part of the Movants to conduct discovery or prosecute or defend this case in a diligent fashion.  Both BEK and DA have issued and responded to multiple discovery requests, supplemented previous responses, and collected, reviewed, and produced thousands of pages of documents.  Nonetheless, written discovery and document production have been hampered and slowed down by several unexpected challenges.  Those challenges have included technical difficulties affecting the collection, review, and production of electronically stored information (in the case of BEK), the large volume of information that is both relevant and responsive, and the high percentage of relevant and responsive documents raising privilege issues.   In addition, BEK and DA have also spent significant time briefing and discovering evidence either in support of or opposition to BEK's application for a preliminary injunction. DA has also focused attention in recent months on the motions to dismiss filed by Foodbuy and Unity Advantage Group, LLC ("UAG").  For all of

these reasons, this case has proceeded more slowly than anticipated, despite the parties' diligence, and the Movants therefore should be afforded additional time to designate experts and prepare and file summary judgment motions as discovery progresses.

Fifth, BEK and DA conferred on the issues addressed in this motion well in advance of the current deadlines for expert designations and summary judgment motions, but refrained from filing a motion to amend those deadlines while Foodbuy's and UAG's motions to dismiss were pending. Otherwise, the Court would have been burdened with multiple motions to amend the schedule by different parties if any part of Foodbuy's or UAG's motions to dismiss were denied, as the presence of new parties would necessarily impact the proposed modification to the schedule.

Finally, this motion is not for delay, but so that justice may be done.

## <u>CONCLUSION</u>

For each of the above-reasons, the Movants respectfully ask the Court to grant this motion and expand the proposed deadlines for expert designations and summary judgment motions (as set forth in sections B(d) and B(g) of Foodbuy's motion) to apply generally to all claims and defenses asserted in this action by or against any party.


Respectfully Submitted,

<u>/s/ David F. Johnson</u>
David F. Johnson
State Bar No. 24002357
dfjohnson@winstead.com
Stephen R. Clarke
State Bar No. 24069517
sclarke@winstead.com
WINSTEAD PC
300 Throckmorton Street, Suite 1700
Fort Worth, Texas 76102
(817) 420-8200
(817) 420-8201 (fax)

<u>/s/ Rachel Ziolkowski Ullrich</u>
Rachel Ziolkowski Ullrich
Texas Bar No. 24003234
rullrich@fordharrison.com

FORDHARRISON LLP
1601 Elm Street, Suite 4450
Dallas, Texas 75201
Telephone: (214) 256-4700
Facsimile: (214) 256-4701

-and-

**ATTORNEYS FOR PLAINTIFF**
**BEN E. KEITH CO.**

Joseph P. Crimmins, BBO # 556582
Joseph.crimmins@arentfox.com
Adam L. Littman, BBO # 673407
Adam.littman@arentfox.com

ARENT FOX LLP
Prudential Tower
800 Boylston Street
Boston, MA 02199
Telephone: (617) 973-6100
(admitted *pro hac vice*)

**ATTORNEYS FOR DINING ALLIANCE,**
**LLC, BUYERS EDGE PLATFORM,**
**LLC, AND CONSOLIDATED**
**CONCEPTS, LLC**

**<u>CERTIFICATE OF CONFERENCE</u>**

# Exhibit
# F

**Exhibit F**

| | |
|---|---|
| **From:** | Snyder, Will <wsnyder@bradley.com> |
| **Sent:** | Friday, April 9, 2021 3:39 PM |
| **To:** | Littman, Adam L.; Clarke, Stephen |
| **Subject:** | RE: Foodbuy's Motion to Continue Trial Date and  Modify Scheduling Order 4831-7382-5508 1 4818-0747-4916 v.1 |

We've incorporated your proposed CoC language into our motion – after a few non-substantive tweaks - and have filed our motion. We're not opposed to the relief sought in the DA/BEK motion.

**William Snyder**
Partner | Bradley
wsnyder@bradley.com
214.257.9814

**From:** Littman, Adam L. <Adam.Littman@arentfox.com>
**Sent:** Friday, April 9, 2021 2:13 PM
**To:** Clarke, Stephen <sclarke@winstead.com>; Snyder, Will <wsnyder@bradley.com>
**Subject:** RE: Foodbuy's Motion to Continue Trial Date and Modify Scheduling Order 4831-7382-5508 1 4818-0747-4916 v.1

**[External Email]**

Will,

Attached is a draft of the motion BEK and DA intend to file after Foodbuy files its motion. Please review and let us know if we can file unopposed. Please also let us know your thoughts on the draft language for the certificate of conference in Foodbuy's motion.

Thanks,
Adam

**Adam L. Littman**
**Partner**

**Arent Fox LLP** | Attorneys at Law
The Prudential Tower
800 Boylston Street, 32nd Floor
Boston, MA 02199
617.973.6195 DIRECT | 617.722.4939 FAX
adam.littman@arentfox.com | www.arentfox.com

**App. 0043**

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| BEN E. KEITH, CO. d/b/a/ | § | |
| BEN E. KEITH FOODS, | § | |
| | § | |
| *Plaintiff/Counterclaim Defendant* | § | |
| | § | |
| v. | § | Civil Action No. 4:20-cv-00133-A |
| | § | |
| DINING ALLIANCE, LLC, | § | |
| BUYERS EDGE PLATFORM, LLC, and | § | |
| CONSOLIDATED CONCEPTS, LLC, | § | |
| | § | |
| *Defendants/Counterclaim Plaintiff* | § | |
| | § | |
| v. | § | |
| | § | |
| FOODBUY, LLC, | § | |
| | § | |
| *Counterclaim Defendant/* | § | |
| *Counterclaim Plaintiff* | § | |

## DECLARATION OF JOSEPH P. CRIMMINS, ESQ.

I, Joseph P. Crimmins, Esq., hereby declare as follows:

1.      I am a member of the Bar of the Commonwealth of Massachusetts in good standing. I am admitted to practice *pro hac vice* before this Court.  My firm, Arent Fox LLP, represents Dining Alliance, LLC ("DA, LLC") in this action.  We also represent Buyers Edge Platform, LLC and Consolidated Concepts, LLC.  I make the following statements of my own knowledge, except as to those matters set forth in this declaration as being based on my belief or understanding.  With respect to the latter, I believe them to be true.

2.      Ben E. Keith, Co. ("BEK") commenced this action by filing a Complaint on February 17, 2020 against Dining Alliance, Inc. ("DA, Inc.").  ECF No. 1.  The contract on which BEK based its claims was with DA, Inc.  I was involved in the litigation that resulted in that

1

**App. 0044**

agreement, which was executed as of April 4, 2019.  Based on what I knew at the time BEK commenced this case, I believed DA, Inc. was the name of the proper party in this litigation.

3.      However, I subsequently learned that in June 2019, after the execution of the agreement with BEK, DA, Inc., formerly a Massachusetts corporation, had been converted to DA, LLC, a Massachusetts limited liability company.  Neither I, Adam Littman, Benjamin Greene, nor any other attorneys at Arent Fox LLP had any involvement in the corporate transactions relating to DA, Inc.'s conversion to DA, LLC.  Neither Arent Fox LLP nor the firm of Posternak, Blankstein & Lund LLP, by which I was employed prior to its merger with Arent Fox LLP in January 2019, has represented any of the Dining Alliance entities in any significant corporate transactional work since before 2016.  We have represented Dining Alliance in litigation, trademark, employment, and immigration work.

4.      In May 2020, my office assisted with preparing an Answer and Counterclaim in this litigation, which was filed on behalf of DA, Inc.  On June 24, 2020, my colleague, Adam L. Littman, Esq., and I filed *pro hac vice* applications on behalf of DA, Inc.  At the time, we continued to understand that DA, Inc. was the Dining Alliance entity that properly was the defendant and counterclaim plaintiff.

5.      In June 2020, I worked with Adam Littman and our client to prepare a certificate of interested persons, which was filed on June 2, 2020 on behalf of DA, Inc.  ECF No. 14.  The certificate named Buyers Edge Platform, LLC as the name of the parent corporation of DA, Inc. The certificate also named Buyers Edge Platform, LLC and DA, LLC as legal entities financially interested in the outcome of the case.  At that point, neither I nor any of the Arent Fox lawyers working on the case had yet become aware that DA, Inc. was now DA, LLC as a consequence of

2

the corporate reorganization and that DA, LLC therefore was the proper party defendant and counterclaim plaintiff.

6.     On July 24, 2020, my office served Rule 26(a)(1) disclosures by email on counsel of record for BEK.  I learned while preparing those disclosures that DA, Inc. was not the correct name of the entity and the entity had become DA, LLC.  The initial disclosures were served on behalf of DA, LLC with the correct entity name in the heading, body, and signature block of the document.  A true and accurate copy of DA, LLC's initial disclosures are attached as Exhibit A, hereto.

7.     After July 2020, as a general matter, all pleadings filed and discovery served by my office used the correct entity name – DA, LLC – in the headings, body, and signature block of the documents.  My office also changed the case caption to the name DA, LLC.  Neither we nor counsel to BEK, however, filed a motion to change the caption of the case or to substitute DA, LLC as the party defendant and counterclaim plaintiff.

8.     On two occasions, DA, LLC sought and obtained leave to amend its counterclaim.

9.     On November 10, 2020, DA, LLC filed a motion to amend its counterclaim and join Foodbuy and Unity Advantage Group, LLC as counterclaim defendants.  ECF No. 35.  The proposed amended counterclaim, which was attached to the motion, alleged claims on behalf of Dining Alliance, LLC, a Massachusetts limited liability company with a principal place of business in Massachusetts.  ECF No. 35-2, ¶ 1.

10.     When DA, LLC filed its Answer to the First Amended Complaint and Amended Counterclaim, DA, Inc. was mistakenly identified in Paragraph 1 of the Amended Counterclaim.  ECF No. 46.  I believe this was a drafting oversight resulting from using as a template the original Answer and Counterclaim naming and filed on behalf of DA, Inc.

3

11.     On October 13, 2021, DA, LLC filed a motion for leave to further amend its counterclaim.  ECF No. 84.  Both the proposed and filed Second Amended Counterclaim identified the Counterclaim Plaintiff as "Dining Alliance, LLC, formerly known as Dining Alliance, Inc. ('DA')[.]"  ECF No. 84-1, ¶ 1; ECF No. 90, ¶ 1.

Executed this 7th day of January 2022 under the penalties of perjury.

_/s/ Joseph P. Crimmins, Esq._____
Joseph P. Crimmins, Esq.

AFDOCS/25149572.1

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | | |
|---|---|---|
| **BEN E. KEITH, CO. d/b/a/** | § | |
| **BEN E. KEITH FOODS,** | § | |
| | § | |
| *Plaintiff/Counterclaim Defendant* | § | |
| | § | |
| **v.** | § | **Civil Action No. 4:20-cv-00133-A** |
| | § | |
| **DINING ALLIANCE, LLC,** | § | |
| **BUYERS EDGE PLATFORM, LLC, and** | § | |
| **CONSOLIDATED CONCEPTS, LLC,** | § | |
| | § | |
| *Defendants/Counterclaim Plaintiff* | § | |
| | § | |
| **v.** | § | |
| | § | |
| **FOODBUY, LLC,** | § | |
| | § | |
| *Counterclaim Defendant/* | § | |
| *Counterclaim Plaintiff* | § | |

**DECLARATION OF BENJAMIN M. GREENE, ESQ.**

I, Benjamin M. Greene, Esq., hereby declare as follows:

1.        I am a member of the Bar of the Commonwealth of Massachusetts in good standing. I am admitted to practice *pro hac vice* before this Court.  My firm, Arent Fox LLP, represents Dining Alliance, LLC ("DA, LLC") in this action.  We also represent Buyers Edge Platform, LLC ("Buyers Edge") and Consolidated Concepts, LLC ("CC").   I make the following statements of my own knowledge, except as to those matters set forth in this declaration as being based on my belief or understanding.  With respect to the latter, I believe them to be true.

2.        Ben E. Keith, Co. ("BEK") commenced this action by filing a Complaint on February 17, 2020 against Dining Alliance, Inc. ("DA, Inc.")  ECF No. 1.

3.        I did not become involved with this action until around October of 2020.

AFDOCS/25150352.1

4.      On November 5, 2021, I submitted an application for *Pro Hac Vice* admission to this Court.  Docs. 122, 124.

5.      In my application I stated that I had been retained by DA, LLC, Buyers Edge Platform, LLC ("Buyers Edge") and Consolidated Concepts, LLC.

6.      With the exception of our statement to show cause as to why our *pro hac vice* admissions should not be revoked, I believe the only pleadings I have signed in this matter are three pleadings that were filed jointly on behalf of all of the parties.  *See* Docs. 152 (Joint Exhibit List) , 201 (Joint Pre-Trial Order), 222 (Stipulation of Dismissal).

7.      On Wednesday, November 17, 2021, I held a discovery dispute conference, via phone, with Foodbuy's counsel, Ilan Borochov.

8.      During this conference we discussed DA, LLC and Buyer Edge's objections to Foodbuy's request for:

> any and all documentation showing the state of residence and principal place of
> business for (a) DA; and (b) all members of DA as a Limited Liability Company.
> If any member is an individual, please list that individual with documentation
> showing his/her state of residence.

9.      In discussing its request, Attorney Borochov said that it was a standard jurisdictional request.  I do not recall him raising any concern that diversity may not exist between DA, LLC and BEK.

10.       Attorney Borochov also requested that we provide residency information for any members of DA, LLC or Buyers Edge, which are also LLCs, going further up the chain until either individuals or incorporated companies were identified.

11.      In discussing our objection, I stated that I believed the request was overly broad as it would encompass any document that had DA, LLC or Buyer Edge's address on it.  To the best of my recollection, I believe I also stated that the request for documents showing the residency of

2

any members of DA, LLC or Buyers Edge (and the residency of such members' members) was beyond the scope of the request. I agreed, however, to consider, subject to discussion with lead counsel and our client, providing documents sufficient to show such information.

12.     On Friday, November 19, 2021, in an attempt to provide an initial follow up response to the conference, I sent an email to opposing counsel, in which I stated:  "I will respond in greater detail later.   As to the residency questions – we will agree to produce documents sufficient to show the place of incorporation and primary headquarters for Dining Alliance, Buyers Edge and Consolidated Concepts – we will not be providing residency information about any of the entities owners, managers or members, as such information does not have any jurisdictional relevance."  A copy of this email is attached hereto as Exhibit A.

13.     The purpose of the email was simply to provide a timely response as to whether we planned to provide the requested documents. Consequently, the email did not include an explanation of our position, at the time, as to why we did not believe such requests were relevant. The email was also admittedly inartfully written (i.e. "place of incorporation" should have referred to "place of formation").

14.     On Monday, November 22, 2021, Attorney Borochov responded, stating for the first time that Foodbuy believed it needed the information to determine diversity jurisdiction, and attaching a ruling of this Court to support this position.  See Exhibit A.

15.     That day, DA, LLC's responses were due to Foodbuy and BEK's motions for summary judgment.

16.     On November 23 and 24, 2021, co-counsel and I reviewed the case sent by Foodbuy's counsel and conducted further research on the matter.

17.     Given that it was the week of Thanksgiving, we were not able to discuss the reasons why this discovery should be provided with our client prior to the holiday weekend.

18.     Accordingly, on Monday, November 29, 2021, I sent a response email to opposing counsel stating that "Our client is considering the request and we will let you know as soon as possible if Dining Alliance will be providing responsive documents."  A copy of this email is attached hereto as Exhibit B.

19.     On Thursday December 3, 2021, after reviewing this Court's December 1, 2021 Order, and having an opportunity to discuss the matter with our client, I sent an additional email to opposing counsel stating "To supplement our prior response. We will produce citizenship documentation for DA and BEP consistent with the Court's order on December 1, 2021 (Doc. 151) requiring each party to file documentation establishing citizenship for diversity purposes."  See Exhibit B.

20.     Over the following weeks we conducted research of public documents and worked diligently with our client and counsel for the Sagemont entities to comply with this Court's orders regarding establishment of DA, LLC, Buyers Edge, and Consolidated Concepts' citizenship.

Executed this 7th day of January 2022 under the penalties of perjury.

Benjamin M. Greene, Esq.

# Exhibit
# A

Exhibit A

| From: | Borochov, Ilan <iborochov@bradley.com> |
|---|---|
| Sent: | Monday, November 22, 2021 1:07 PM |
| To: | Greene, Benjamin; Littman, Adam L.; 'Brown, Darla'; Dempsey, Lisa; Snyder, Will; Simon, Stacy; Johnson, David; Taylor, Stephen; Crimmins, Joseph P.; rullrich@fordharrison.com; Cronje, Anneke; Bourdon, Madeleine; Perez, Marcos; King, Jr., Bailey |
| Subject: | RE: Ben E. Keith Co, et al v. Dining Alliance, LLC, et al - John Rogers deposition - 11-16-21 |
| Attachments: | AA Truck Sleeper LLC v Legend Energy Services LLC.pdf |

Ben,

It's our understanding that LLC membership is not only relevant but singularly determinative of whether diversity jurisdiction exists between LLC's. If for some reason I'm mistaken, please let me know by end of day. If you cannot provide me support for your position, I expect DA/BEP produce the documents immediately. Please see a ruling by Judge McBryde on the issue.

Best,
Ilan

**Ilan Borochov**
Associate | Bradley
iborochov@bradley.com
214.257.9768

---

**From:** Greene, Benjamin <Benjamin.Greene@arentfox.com>
**Sent:** Friday, November 19, 2021 1:50 PM
**To:** Borochov, Ilan <iborochov@bradley.com>; Littman, Adam L. <Adam.Littman@arentfox.com>; 'Brown, Darla' <dkbrown@winstead.com>; Fillers, Alyson <afillers@bradley.com>; Dempsey, Lisa <Lisa.AuglieraDempsey@arentfox.com>; Snyder, Will <wsnyder@bradley.com>; Simon, Stacy <ssimon@bradley.com>; Johnson, David <dfjohnson@winstead.com>; Taylor, Stephen <staylor@winstead.com>; Crimmins, Joseph P. <Joseph.Crimmins@arentfox.com>; rullrich@fordharrison.com; Cronje, Anneke <acronje@winstead.com>; Bourdon, Madeleine <mbourdon@bradley.com>; Perez, Marcos <mperez@bradley.com>; King, Jr., Bailey <bking@bradley.com>
**Subject:** RE: Ben E. Keith Co, et al v. Dining Alliance, LLC, et al - John Rogers deposition - 11-16-21

**CAUTION — EXTERNAL EMAIL**

---

Ilan,

I apologize that I have not had a chance to review and respond to your summary below.  I will respond in greater detail later.

As to the residency questions – we will agree to produce documents sufficient to show the place of incorporation and primary headquarters for Dining Alliance, Buyers Edge and Consolidated Concepts – we will not be providing residency

1

information about any of the entities owners, managers or members, as such information does not have any jurisdictional relevance.

-Ben

**Benjamin Greene**
Associate

Arent Fox LLP | Attorneys at Law
The Prudential Tower
800 Boylston Street, 32nd Floor
Boston, MA 02199
617.973.6190 DIRECT | 617.367.2315 FAX
benjamin.greene@arentfox.com | www.arentfox.com

**From:** Borochov, Ilan <iborochov@bradley.com>
**Sent:** Wednesday, November 17, 2021 12:19 PM
**To:** Littman, Adam L. <Adam.Littman@arentfox.com>; 'Brown, Darla' <dkbrown@winstead.com>; Fillers, Alyson <afillers@bradley.com>; Dempsey, Lisa <Lisa.AuglieraDempsey@arentfox.com>; Snyder, Will <wsnyder@bradley.com>; Simon, Stacy <ssimon@bradley.com>; Johnson, David <dfjohnson@winstead.com>; Taylor, Stephen <staylor@winstead.com>; Crimmins, Joseph P. <Joseph.Crimmins@arentfox.com>; Greene, Benjamin <Benjamin.Greene@arentfox.com>; rullrich@fordharrison.com; Cronje, Anneke <acronje@winstead.com>; Bourdon, Madeleine <mbourdon@bradley.com>; Perez, Marcos <mperez@bradley.com>; King, Jr., Bailey <bking@bradley.com>
**Subject:** RE: Ben E. Keith Co, et al v. Dining Alliance, LLC, et al - John Rogers deposition - 11-16-21

Ben,

Thank you for meeting and conferring regarding the listed discovery requests. I have detailed the results of our conversation below. As I told Adam, if you have any proposed edits to the below please highlight your additions in red text and ~~strikethrough~~ anything you disagree with. I will respond as to whether your changes are acceptable or not.

Discovery Requests to DA

    a. Foodbuy's RFP #4→ You have firmly stated that DA will not produce any contracts with Entegra. You will circle back with me regarding BEP contracts.

    b. Foodbuy's RFP # 8 and Rogg #8→ I have asked you to confirm that DA will not pursue any breach of contract theory involving any alleged breach of section 19 of the FB/DA settlement agreement, as DA alleged in its Second Amended Counterclaim required LOTs to be sent in a specific manner—despite Corrigan admitting on record that was not the case. You stated you will circle back. If DA will not confirm that, and because you stated you acknowledged the relevance of the documents and information sought by both rogg 8 and RFP 8, you will circle back with whether you will respond to interrogatory # 8 and produce documents requested in RFP #8.

    c. Foodbuy's RFP #11→ You will circle back.

    d. Foodbuy's RFP #14→ We limited the language here to "documents sufficient to show." You stated that you will circle back on whether DA can agree to produce these documents with that limitation.

    e. Foodbuy's RFP # 17→ you reaffirmed your position on the Entegra contracts and will circle back regarding any other contracts with any other entity that processes rebates for DA.

    f. Foodbuy's RFP #18→ We limited the universe of Documents requested to those relating to contracts/documents describing related to:

App. 0054

      i. Data flow regarding the initial data recipient from either the customer/distributors, as well as (in the event DA gets it first) which entity subsequently receives that same data;

      ii. Contracts/documents reflecting which entity receives rebate revenues after invoices are paid by manufacturers, including those processed by Entegra and/or BEP;

      iii. Contracts/documents related to revenue flow/Profits (a few non-exhaustive examples include: payment of overhead, employees, rent, etc.); and

      iv. If any resources/assets are shared, documents/contracts delineating the contracts/arrangements regarding the same.

g. Foodbuy's RFP # 19 → You agreed to circle back one we limited the request to the following areas:

      i. Data flow regarding the initial data recipient from either the customer/distributors, as well as (in the event DA gets it first) which entity subsequently receives that same data;

      ii. Contracts/documents reflecting which entity receives rebate revenues after invoices are paid by manufacturers, including those processed by Entegra and/or BEP;

      iii. Contracts/documents related to revenue flow/Profits (a few non-exhaustive examples include: payment of overhead, employees, rent, etc.);

      iv. If any resources/assets are shared, documents/contracts delineating the contracts/arrangements regarding the same;

      v. Any document/contract related to the aggregation of these members to obtain favorable pricing/rebates, as well as documents reflecting the delta, if any, of that customer list from CC's side, as well as documents related to that delta-including but not limited to any change in manufacturing contracts effecting a decline in those members' rebates.

h. Foodbuy's Interrogatory #2→ You agreed to circle back on whether DA agrees to provide a list of all members for which it alleges did not provide DA with a valid LOT, unless, of course, DA's final answer is that the sum total of members it alleges did not provide DA with a valid LOT are contained in the document produced by BEK for which DA references.


<u>Discovery Requests to Buyers Edge</u>

a. Foodbuy's RFP #2→ We limited the language here to "documents sufficient to show." You stated that you will circle back on whether BEP can agree to produce these documents with that limitation.

b. Foodbuy's RFP #4→ We limited the request here to seek contracts related to member data/rebate revenue and not ones unrelated to the case, such as the "survey-monkey" example you stated. You stated you will circle back.


**Relating to when you will circle back**: I have requested you circle back with documents responsive to RFP 2 to BEP and RFP 14 to DA by Friday, as well as follow up to the rest of the requests (which was frankly all of them) you stated you would circle back on. With the discovery deadline approaching, I expect DA/BEP will produce/respond to documents/roggs by end of next week, and a confirmation or denial of DA/BEP's willingness to produce any or all of the outstanding documents/responses by this Friday.

<u>Redactions</u>
You have pointed me to DA01400, which contains an unredacted portion of the portion that should not have been redacted. This issue is settled.

**App. 0055**

**Ilan Borochov**
Associate | Bradley
iborochov@bradley.com
214.257.9768

4

# Exhibit
# B

**Exhibit B**

| | |
|---|---|
| **From:** | Greene, Benjamin |
| **Sent:** | Friday, December 3, 2021 11:20 AM |
| **To:** | Borochov, Ilan; 'Brown, Darla'; Fillers, Alyson; Snyder, Will; Simon, Stacy; Johnson, David; Taylor, Stephen; rullrich@fordharrison.com; Cronje, Anneke; Bourdon, Madeleine; Perez, Marcos; King, Jr., Bailey |
| **Cc:** | Littman, Adam L.; Crimmins, Joseph P. |
| **Subject:** | RE: Ben E. Keith Co, et al v. Dining Alliance, LLC, et al - John Rogers deposition - 11-16-21 |

Ilan,

To supplement our prior response.  We will produce citizenship documentation for DA and BEP consistent with the Court's order on December 1, 2021 (Doc. 151) requiring each party to file documentation establishing citizenship for diversity purposes.

-Ben

**Benjamin Greene**
Associate

**Arent Fox LLP** | Attorneys at Law
The Prudential Tower
800 Boylston Street, 32nd Floor
Boston, MA 02199
617.973.6190 DIRECT | 617.367.2315 FAX
benjamin.greene@arentfox.com | www.arentfox.com

**From:** Greene, Benjamin
**Sent:** Monday, November 29, 2021 5:19 PM
**To:** Borochov, Ilan <iborochov@bradley.com>; 'Brown, Darla' <dkbrown@winstead.com>; Fillers, Alyson <afillers@bradley.com>; Snyder, Will <wsnyder@bradley.com>; Simon, Stacy <ssimon@bradley.com>; Johnson, David <dfjohnson@winstead.com>; Taylor, Stephen <staylor@winstead.com>; rullrich@fordharrison.com; Cronje, Anneke <acronje@winstead.com>; Bourdon, Madeleine <mbourdon@bradley.com>; Perez, Marcos <mperez@bradley.com>; King, Jr., Bailey <bking@bradley.com>
**Cc:** Littman, Adam L. <Adam.Littman@arentfox.com>; Crimmins, Joseph P. <Joseph.Crimmins@arentfox.com>
**Subject:** RE: Ben E. Keith Co, et al v. Dining Alliance, LLC, et al - John Rogers deposition - 11-16-21

Ilan,

Below in red, please find our follow up responses to these requests.

-Ben

**Benjamin Greene**
Associate

**Arent Fox LLP** | Attorneys at Law
The Prudential Tower
800 Boylston Street, 32nd Floor

Boston, MA 02199
617.973.6190 DIRECT | 617.367.2315 FAX
benjamin.greene@arentfox.com | www.arentfox.com

**From:** Borochov, Ilan <iborochov@bradley.com>
**Sent:** Wednesday, November 17, 2021 12:19 PM
**To:** Littman, Adam L. <Adam.Littman@arentfox.com>; 'Brown, Darla' <dkbrown@winstead.com>; Fillers, Alyson <afillers@bradley.com>; Dempsey, Lisa <Lisa.AuglieraDempsey@arentfox.com>; Snyder, Will <wsnyder@bradley.com>; Simon, Stacy <ssimon@bradley.com>; Johnson, David <dfjohnson@winstead.com>; Taylor, Stephen <staylor@winstead.com>; Crimmins, Joseph P. <Joseph.Crimmins@arentfox.com>; Greene, Benjamin <Benjamin.Greene@arentfox.com>; rullrich@fordharrison.com; Cronje, Anneke <acronje@winstead.com>; Bourdon, Madeleine <mbourdon@bradley.com>; Perez, Marcos <mperez@bradley.com>; King, Jr., Bailey <bking@bradley.com>
**Subject:** RE: Ben E. Keith Co, et al v. Dining Alliance, LLC, et al - John Rogers deposition - 11-16-21

Ben,

Thank you for meeting and conferring regarding the listed discovery requests. I have detailed the results of our conversation below. As I told Adam, if you have any proposed edits to the below please highlight your additions in <span style="color:red">red text</span> and ~~strikethrough~~ anything you disagree with. I will respond as to whether your changes are acceptable or not.

<u>Discovery Requests to DA</u>

      a.  Foodbuy's RFP #4→ You have firmly stated that DA will not produce any contracts with Entegra. You will circle back with me regarding BEP contracts.

         <span style="color:red">**We are affirming our objections to this request.**</span>

      b.  Foodbuy's RFP # 8 and Rogg #8→ I have asked you to confirm that DA will not pursue any breach of contract theory involving any alleged breach of section 19 of the FB/DA settlement agreement, as DA alleged in its Second Amended Counterclaim required LOTs to be sent in a specific manner—despite Corrigan admitting on record that was not the case. You stated you will circle back. If DA will not confirm that, and because you stated you acknowledged the relevance of the documents and information sought by both rogg 8 and RFP 8, you will circle back with whether you will respond to interrogatory # 8 and produce documents requested in RFP #8.

         <span style="color:red">**DA's breach of contract claim against Foodbuy is not premised on Foodbuy's failure to provide LOTs by overnight delivery.**</span>

      c.  Foodbuy's RFP #11→ You will circle back.

         <span style="color:red">**We are affirming our objections to this request.**</span>

      d.  Foodbuy's RFP #14→ We limited the language here to "documents sufficient to show." You stated that you will circle back on whether DA can agree to produce these documents with that limitation.

         <span style="color:red">**Our client is considering the request and we will let you know as soon as possible if Dining Alliance will be providing responsive documents.**</span>

      e.  Foodbuy's RFP # 17→ you reaffirmed your position on the Entegra contracts and will circle back regarding any other contracts with any other entity that processes rebates for DA.

         <span style="color:red">**We are affirming our objections to this request.**</span>

**App. 0059**

f.  Foodbuy's RFP #18→ We limited the universe of Documents requested to those relating to contracts/documents describing related to:

    i.  Data flow regarding the initial data recipient from either the customer/distributors, as well as (in the event DA gets it first) which entity subsequently receives that same data;

    ii.  Contracts/documents reflecting which entity receives rebate revenues after invoices are paid by manufacturers, including those processed by Entegra and/or BEP;

    iii.  Contracts/documents related to revenue flow/Profits (a few non-exhaustive examples include: payment of overhead, employees, rent, etc.); and

    iv.  If any resources/assets are shared, documents/contracts delineating the contracts/arrangements regarding the same.

**We can confirm that there are no written contracts between Dining Alliance and Buyers Edge.   The way you have proposed narrowing this request is still vague and overly broad.  We do not believe there are any specific documents that would satisfy these requests as they relate to the general business dealings between Dining Alliance and Buyers Edge.  Accordingly, we affirm our response to this objection.**

g.  Foodbuy's RFP # 19 → You agreed to circle back one we limited the request to the following areas:

    i.  Data flow regarding the initial data recipient from either the customer/distributors, as well as (in the event DA gets it first) which entity subsequently receives that same data;

    ii.  Contracts/documents reflecting which entity receives rebate revenues after invoices are paid by manufacturers, including those processed by Entegra and/or BEP;

    iii.  Contracts/documents related to revenue flow/Profits (a few non-exhaustive examples include: payment of overhead, employees, rent, etc.);

    iv.  If any resources/assets are shared, documents/contracts delineating the contracts/arrangements regarding the same;

    v.  Any document/contract related to the aggregation of these members to obtain favorable pricing/rebates, as well as documents reflecting the delta, if any, of that customer list from CC's side, as well as documents related to that delta-including but not limited to any change in manufacturing contracts effecting a decline in those members' rebates.

**We can confirm there are no written contracts between Dining Alliance and Consolidated Concepts.   See also response to f above.  In addition, as Consolidated Concepts has no claims against Foodbuy, the request is even further beyond the scope of discovery.**

h.  Foodbuy's Interrogatory #2→ You agreed to circle back on whether DA agrees to provide a list of all members for which it alleges did not provide DA with a valid LOT, unless, of course, DA's final answer is that the sum total of members it alleges did not provide DA with a valid LOT are contained in the document produced by BEK for which DA references.

**In addition to the document referenced DA's formal response, DA and Buyers Edge have produced additional documents, since the date of the response, identifying member locations that did not provide DA with valid LOTs.  See DA 5454-5456.**

<u>Discovery Requests to Buyers Edge</u>

a.  Foodbuy's RFP #2→ We limited the language here to "documents sufficient to show." You stated that you will circle back on whether BEP can agree to produce these documents with that limitation.

3

**App. 0060**

**Our client is considering the request and we will let you know as soon as possible if Buyers Edge will be providing responsive documents to this request.**

    b.   Foodbuy's RFP #4→ We limited the request here to seek contracts related to member data/rebate revenue and not ones unrelated to the case, such as the "survey-monkey" example you stated. You stated you will circle back.

        **We are affirming our objections to this request.**

**Relating to when you will circle back**: I have requested you circle back with documents responsive to RFP 2 to BEP and RFP 14 to DA by Friday, as well as follow up to the rest of the requests (which was frankly all of them) you stated you would circle back on. With the discovery deadline approaching, I expect DA/BEP will produce/respond to documents/roggs by end of next week, and a confirmation or denial of DA/BEP's willingness to produce any or all of the outstanding documents/responses by this Friday.

<u>Redactions</u>
You have pointed me to DA01400, which contains an unredacted portion of the portion that should not have been redacted. This issue is settled.

**Ilan Borochov**
Associate | Bradley
iborochov@bradley.com
214.257.9768

---

**From:** Borochov, Ilan
**Sent:** Tuesday, November 16, 2021 2:40 PM
**To:** Littman, Adam L. <Adam.Littman@arentfox.com>; 'Brown, Darla' <dkbrown@winstead.com>; Fillers, Alyson <afillers@bradley.com>; Dempsey, Lisa <Lisa.AuglieraDempsey@arentfox.com>; Snyder, Will <wsnyder@bradley.com>; Simon, Stacy <ssimon@bradley.com>; Johnson, David <dfjohnson@winstead.com>; Taylor, Stephen <staylor@winstead.com>; Crimmins, Joseph P. <Joseph.Crimmins@arentfox.com>; Greene, Benjamin <Benjamin.Greene@arentfox.com>; rullrich@fordharrison.com; Cronje, Anneke <acronje@winstead.com>; Bourdon, Madeleine <mbourdon@bradley.com>; Perez, Marcos <mperez@bradley.com>; King, Jr., Bailey <bking@bradley.com>
**Subject:** RE: Ben E. Keith Co, et al v. Dining Alliance, LLC, et al - John Rogers deposition - 11-16-21

Adam,

I look forward to hearing back regarding the witnesses. I also look forward to receiving Ben's follow up.

Best,
Ilan

**Ilan Borochov**
Associate | Bradley
iborochov@bradley.com
214.257.9768

**App. 0061**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | | |
|---|---|---|
| **BEN E. KEITH, CO. d/b/a/** | § | |
| **BEN E. KEITH FOODS,** | § | |
| | § | |
| *Plaintiff/Counterclaim Defendant* | § | |
| | § | |
| **v.** | § | **Civil Action No. 4:20-cv-00133-A** |
| | § | |
| **DINING ALLIANCE, LLC,** | § | |
| **BUYERS EDGE PLATFORM, LLC, and** | § | |
| **CONSOLIDATED CONCEPTS, LLC,** | § | |
| | § | |
| *Defendants/Counterclaim Plaintiff* | § | |
| | § | |
| **v.** | § | |
| | § | |
| | § | |
| **FOODBUY, LLC,** | § | |
| | § | |
| *Counterclaim Defendant.* | § | |

**DINING ALLIANCE, LLC'S RESPONSE TO FOODBUY, LLC'S**
**FIRST REQUEST FOR PRODUCTION OF DOCUMENTS**

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Dining Alliance, LLC ("Dining Alliance") hereby responds to Foodbuy, LLC's ("Foodbuy") First Request for Production of Documents as follows.  In doing so, Dining Alliance reserves:

1.     The right to object, on any ground, to the use of any of these responses in any subsequent proceeding or the trial of this or any other action;

2.     The right to object, on any ground and at any time, to any demand for further responses to these or any other discovery requests, whether by interrogatory, request for production of documents, request for admission or otherwise;

3.     The right to produce responsive documents, subject, where appropriate, to a protective order or confidentiality agreement; and

1

4.      The right, at any time, to revise, correct, supplement or clarify any of the responses set forth herein.

## **GENERAL OBJECTIONS**

1.      Dining Alliance objects to the production or disclosure of information which is protected from discovery by the attorney-client privilege, the work-product doctrine, or any other applicable privilege, and Dining Alliance shall not produce the same.

2.      Dining Alliance objects to the requests to the extent they seek information beyond the scope of Fed. R. Civ. P. 26(b)(1), and to the extent they are unduly burdensome and/or seek information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

3.      Dining Alliance objects to the time period of the requests as beyond the scope of Fed. R. Civ. P. 26.

4.      The foregoing General Objections are specifically incorporated in each of the following responses as noted below.

## **RESPONSES TO REQUESTS**
## **FOR PRODUCTION OF DOCUMENTS NOs. 1-31**

1.      Produce all LOTs for which you allege had been signed by BEK on behalf of DA members "without the member's knowledge or consent" as stated in ¶21 of DA's counterclaim.

**RESPONSE:**  Dining Alliance objects to this request on the grounds that it is vague and ambiguous.  Subject to and without waiving these objections, Dining Alliance will produce documents responsive to this request.

2.      Produce all LOTs for which you allege belong to the 1,800 former DA members who "had not served DA with a valid written notice of termination," as stated in as stated in ¶29 of DA's counterclaim.

2

**RESPONSE:** Dining Alliance objects to this request on the grounds that it is vague and ambiguous. Subject to and without waiving these objections, Dining Alliance will produce documents responsive to this request

3.    Produce any and all documents that support your claims that "DA's rebate processor could not use the data to invoice manufacturers," including but not limited to: evidence showing your "rebate processor" attempted to invoice manufacturers and the results of those attempts.

**RESPONSE:**   Dining Alliance objects to this request on the grounds that it is overbroad, unduly burdensome, disproportional to the needs of the case, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Further, Dining Alliance objects to this request to the extent it seeks documents protected from discovery by the attorney-client privilege, the work-product doctrine, or any other applicable privilege. In addition, Dining Alliance objects to this request to the extent it purports to require Dining Alliance to produce documents in the possession, custody, or control of third parties. Subject to and without waiving these objections, Dining Alliance will produce non-privileged documents supporting the allegations of Paragraph 33 of the Amended Counterclaim concerning delayed data from BEK that could not be used to invoice manufacturers.

4.    Produce any and all documents, contracts, and/or a memorialization evidencing the specific terms by which DA compensates its "rebate processor" and/or its "rebate processor" is compensated for processing rebates.

**RESPONSE:** Dining Alliance objects to this request on the grounds that it seeks confidential competitively sensitive business information, is overbroad, vague and ambiguous,

AFDOCS/24423640.1

**App. 0064**

unduly burdensome, disproportional to the needs of the case, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

5**.**      Produce documents to support the alleged monetary losses you have identified in Interrogatory No. 6 to have suffered as a result of Foodbuy's alleged breach of the Settlement Agreement.

**RESPONSE**:  Dining Alliance will produce documents responsive to this request.

6**.**      Produce documents to support the alleged monetary losses you have identified in Interrogatory No. 7 to have suffered as a result of Foodbuy's alleged tortious interference and alleged acts that constituted "unfair competition," as alleged in ¶¶60-66 of DA's Amended Counterclaim.

**RESPONSE**:  Dining Alliance will produce documents responsive to this request.

7**.**      Produce any and all documents and/or communications exchanged between John Davie, Joseph Corrigan, and/or any Foodbuy employee, officer, member, and/or agent during the relevant time period.

**RESPONSE:** Dining Alliance objects to this request on the grounds that it is overbroad, vague and ambiguous, unduly burdensome, disproportional to the needs of the case, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.  Further, Dining Alliance objects to this request to the extent it seeks documents protected from discovery by the attorney-client privilege, the work-product doctrine, or any other applicable privilege. Subject to and without waiving these objections, Dining Alliance will produce non-privileged documents exchanged between John Davie and/or Joseph Corrigan, on the one hand, and Foodbuy, on the other hand, that concern the allegations set forth in the Amended Counterclaim.

4

8**.**     Produce any and all documents supporting your identification in Interrogatory No. 8.

**RESPONSE:** Dining Alliance objects to this request on the grounds that it is overbroad, unduly burdensome, disproportional to the needs of the case, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

9**.**     Produce any and all documents supporting your allegation that BEK "began sending" LOTs to Foodbuy, as alleged in ¶27 of DA's amended counterclaim.

**RESPONSE:** Dining Alliance objects to this request to the extent it seeks documents protected from discovery by the attorney-client privilege, the work-product doctrine, or any other applicable privilege.  Subject to and without waiving these objections, Dining Alliance will produce non-privileged documents responsive to this request.

10**.**     Produce any and all documents/communications supporting your response to Interrogatory No. 9.

**RESPONSE:** Dining Alliance objects to this request on the grounds that it is overbroad, vague and ambiguous, unduly burdensome, disproportional to the needs of the case, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.  Subject to and without waiving these objections, Dining Alliance will produce documents responsive to this request.

11**.**     Produce any and all agreements, contracts, and/or transactions you and/or any of your affiliates are parties to with any and all manufacturers for which you allege Foodbuy wrongfully invoiced.

**RESPONSE:**  Dining Alliance objects to this request on the grounds that it seeks confidential competitively sensitive business information, is overbroad, vague and ambiguous,

5

**App. 0066**

unduly burdensome, disproportional to the needs of the case, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

12**.**     Produce the "31 LOTs" that you allege were confirmed by members to be forgeries," as alleged in ¶41 of DA's amended counterclaim, and the documents/communications that confirm your allegations that such LOTs were forgeries.

**RESPONSE:**  Dining Alliance will produce documents responsive to this request.

13**.**     Produce any and all documents supporting your answer to Interrogatory No. 10.

**RESPONSE:** Dining Alliance objects to this request on the grounds that it seeks confidential competitively sensitive business information, is overbroad, vague and ambiguous, unduly burdensome, disproportional to the needs of the case, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.  Subject to and without waiving these objections, Dining Alliance will produce documents to support its response to Interrogatory No. 10.

14**.**     Produce any and all documentation showing the state of residence and principal place of business for (a) DA; and (b) all members of DA as a Limited Liability Company. If any member is an individual, please list that individual with documentation showing his/her state of residence.

**RESPONSE:**  Dining Alliance objects to this request on the grounds that it is overbroad, unduly burdensome, disproportional to the needs of the case, and seeks information that is confidential and neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

15**.**     Produce documents evidencing your objection, if any, to Foodbuy notifying you of LOTs via posting to the FTP site and emailing you informing of such posting.

6

**App. 0067**

**RESPONSE:**  Dining Alliance objects to this request to the extent it seeks documents protected from discovery by the attorney-client privilege, the work-product doctrine, or any other applicable privilege.  Subject to and without waiving these objections, Dining Alliance will produce documents responsive to this request.

16**.**    Produce all contracts between DA and the "DA companies" from August 21, 2018, until present.

**RESPONSE:**  Dining Alliance objects to this request on the grounds that it is overbroad, unduly burdensome, disproportional to the needs of the case, and seeks information that is confidential, competitively sensitive, and neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

17**.**    Produce all contracts in effect between DA and all of DA's "rebate processors" from the relevant time period until present.

**RESPONSE:**   Dining Alliance objects to this request on the grounds that it seeks confidential competitively sensitive business information, is overbroad, unduly burdensome, disproportional to the needs of the case, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

18**.**    Produce all documents concerning the business relationship between DA and Buyers Edge.

**RESPONSE:** Dining Alliance objects to this request on the grounds that it seeks confidential competitively sensitive business information, is overbroad, vague and ambiguous, unduly burdensome, disproportional to the needs of the case, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

19.    Produce all documents concerning the business relationship between DA and Consolidated Concepts.

**RESPONSE:**  Dining Alliance objects to this request on the grounds that it seeks confidential competitively sensitive business information, is overbroad, vague and ambiguous, unduly burdensome, disproportional to the needs of the case, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

20.    Produce all documents concerning the business relationship between DA and the "DA companies."

**RESPONSE:** Dining Alliance objects to this request on the grounds that it seeks confidential competitively sensitive business information, is overbroad, vague and ambiguous, unduly burdensome, disproportional to the needs of the case, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

21.    Produce all communications between DA and Buyers Edge concerning LOTs posted by Foodbuy to the FTP site.

**RESPONSE:**  Dining Alliance objects to this request to the extent it seeks documents protected by the attorney-client privilege, the work-product doctrine, or any other applicable privilege.  Subject to and without waiving these objections, Dining Alliance will produce non-privileged documents responsive to this request.

22.    Produce all communications between DA and the "DA companies" related to and/or concerning LOTs posted by Foodbuy to the FTP site.

**RESPONSE:** Dining Alliance objects to this request to the extent it seeks documents protected by the attorney-client privilege, the work-product doctrine, or any other applicable

8

**App. 0069**

privilege.  Subject to and without waiving these objections, Dining Alliance will produce non-privileged documents responsive to this request.

23**.**     Produce all internal documents and communications from DA concerning LOTs posted by Foodbuy to the FTP site.

**RESPONSE:** Dining Alliance objects to this request to the extent it seeks documents protected by the attorney-client privilege, the work-product doctrine, or any other applicable privilege.  Subject to and without waiving these objections, Dining Alliance will produce non-privileged documents responsive to this request.

24**.**     Produce all documents and communications between DA and the "DA companies" related to and/or concerning the Foodbuy Settlement Agreement.

**RESPONSE:**  Dining Alliance objects to this request on the grounds that it is overbroad, unduly burdensome, disproportional to the needs of the case, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.  Further, Dining Alliance objects to this request to the extent it seeks documents protected by the attorney-client privilege, the work-product doctrine, or any other applicable privilege.  Subject to and without waiving these objections, Dining Alliance will produce non-privileged documents concerning Foodbuy's breach of the Foodbuy Settlement Agreement, as alleged in the Amended Counterclaim.

25**.**     Produce all internal documents and communications from DA concerning the Foodbuy Settlement Agreement.

**RESPONSE:** Dining Alliance objects to this request on the grounds that it is overbroad, unduly burdensome, disproportional to the needs of the case, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.  Further, Dining Alliance objects to this request to the extent it seeks documents protected by the attorney-client

privilege, the work-product doctrine, or any other applicable privilege. Subject to and without waiving these objections, Dining Alliance will produce non-privileged documents concerning Foodbuy's breach of the Foodbuy Settlement Agreement, as alleged in the Amended Counterclaim.

26. Produce all documents and communications, including DA internal communications and communications with any and all "DA companies" concerning the transition or transfer of former DA members from DA's GPO program to UAG's GPO program.

**RESPONSE:** Dining Alliance objects to this request to the extent it seeks documents protected by the attorney-client privilege, the work-product doctrine, or any other applicable privilege. Subject to and without waiving these objections, Dining Alliance will produce non-privileged documents responsive to this request.

27. Produce all documents and/or communications delivered to you by Foodbuy during the relevant time period.

**RESPONSE:** Dining Alliance objects to this request on the grounds that it is overbroad, vague and ambiguous, unduly burdensome, disproportional to the needs of the case, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving these objections, Dining Alliance will produce documents responsive to this request that concern the allegations set forth in the Amended Counterclaim.

28. Produce documents concerning your attempts to communicate with terminated members.

**RESPONSE:** Dining Alliance objects to this request on the grounds that it is overbroad, vague and ambiguous, unduly burdensome, disproportional to the needs of the case, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible

AFDOCS/24423640.1

**App. 0071**

evidence.  Further, Dining Alliance objects to this request to the extent it seeks documents protected by the attorney-client privilege, the work-product doctrine, or any other applicable privilege. Subject to and without waiving these objections, Dining Alliance will produce non-privileged documents that concern communications with members that purchase products from BEK regarding the members' purported termination of their membership in Dining Alliance.

29**.**     Produce all documents and/or communications identifying the "hundreds of manufacturers" Foodbuy allegedly improperly invoiced as stated in your Amended Counterclaim ¶43.

**RESPONSE:**  Dining Alliance objects to this request on the grounds that it is overbroad, vague and ambiguous, unduly burdensome, disproportional to the needs of the case, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.   Subject to and without waiving these objections, Dining Alliance states that the documents sought in this request are in Foodbuy's, not Dining Alliance's, possession, custody, or control.

30**.**     Produce all written communications and/or documents and/or statements made by DA to any third parties concerning the above captioned matter and/or the underlying facts alleged in DA's amended counterclaim including but not limited to DA investors, members, managers, DA board member/manager meeting minutes, and meeting agendas.

**RESPONSE:**  Dining Alliance objects to this request on the grounds that it seeks confidential competitively sensitive business information, is overbroad, unduly burdensome, disproportional to the needs of the case, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.  Further, Dining Alliance objects to this request to the extent it seeks documents protected by the attorney-client privilege, the work-product

**App. 0072**

doctrine, or any other applicable privilege.  Subject to and without waiving these objections, Dining Alliance will produce non-privileged documents responsive to this request, if any, that can be located upon a reasonable and diligent search.

31**.**      Produce all written communications and/or documents supporting your answer in Foodbuy's Interrogatory No. 13.

**RESPONSE:**  Dining Alliance objects to this request on the grounds that it is overbroad, vague and ambiguous, unduly burdensome, disproportional to the needs of the case, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.   Subject to and without waiving these objections, Dining Alliance will produce documents sufficient to identify Dining Alliance personnel who communicated with Foodbuy personnel with respect to the matters alleged in the Amended Counterclaim.

AFDOCS/24423640.1

*/s/ Rachel Ziolkowski Ullrich*
Rachel Ziolkowski Ullrich
Texas Bar No. 24003234
rullrich@fordharrison.com

**FORDHARRISON LLP**
1601 Elm Street, Suite 4450
Dallas, Texas 75201
Telephone: (214) 256-4700
Facsimile: (214) 256-4701

-and-

Joseph P. Crimmins, BBO # 556582
Joseph.crimmins@arentfox.com
Adam L. Littman, BBO # 673407
Adam.littman@arentfox.com

**ARENT FOX LLP**
Prudential Tower
800 Boylston Street
Boston, MA 02199
Telephone: (617) 973-6100
(admitted *pro hac vice*)

**ATTORNEYS FOR
DINING ALLIANCE, LLC**

## CERTIFICATE OF SERVICE

I, Adam L. Littman, Esq., hereby certify that on this 26th day of July 2021, I served a copy of the foregoing upon the following counsel of record by email:

William S. Snyder
wsnyder@bradley.com
Stacy D. Simon
ssimon@bradley.com
Ilan Borochov
iborochov@bradley.com
4400 Renaissance Tower
1201 Elm Street
Dallas, Texas 75270

AFDOCS/24423640.1

**App. 0074**

David F. Johnson
Stephen R. Clarke
Stephen D. Taylor
Winstead PC
300 Throckmorton, Suite 1700
Fort Worth, Texas 76102
dfjohnson@winstead.com
sclarke@winstead.com
staylor@winstead.com

*/s/ Adam L. Littman*
Adam L. Littman

AFDOCS/24423640.1

**App. 0075**

617-227-0178                                                                  02:11:03 p.m.   06-06-2019          2 /4

# D
# PC

# The Commonwealth of Massachusetts
### William Francis Galvin
Secretary of the Commonwealth
One Ashburton Place, Boston, Massachusetts 02108-1512

FORM MUST BE TYPED

## Articles of Entity Conversion of a
## Domestic Business Corporation to a
## Domestic Other Entity
### (General Laws Chapter 156D, Section 9.53; 950 CMR 113.29)

FORM MUST BE TYPED

(1) Exact name of corporation prior to conversion: Dining Alliance, Inc.

(2) Registered office address: 307 Waverly Oaks Road, Suite 401, Waltham, MA 02452
*(number, street, city or town, state, zip code)*

(3) New name after conversion, which shall satisfy the organic law of the surviving entity:

Dining Alliance, LLC

(4) New type of entity: Massachusetts limited liability company

(5) The plan of entity conversion was duly approved by the shareholders, and where required, by each separate voting group in the manner required by G.L. Chapter 156D and the articles of organization.

(6) Attach any additional sheets containing all information required to be set forth in the public organic document of the surviving entity.

(7) The conversion of the corporation shall be effective at the time and on the date approved by the Division, unless a later effective date is specified in accordance with the organic law of the surviving entity:

Signed by: _____ /s/ John B. Davie _____ ,
*(signature of authorized individual)*

*(Please check appropriate box)*

☐ Chairman of the board of directors,

☐ President,

☑ Other officer,

☐ Court-appointed fiduciary,

on this _____ 6th _____ day of _____ June _____ , 2019

P.C.

c156ds053950c11329 06/19/18

**App. 0076**

# D The Commonwealth of Massachusetts

**William Francis Galvin**
Secretary of the Commonwealth
One Ashburton Place, Room 1717, Boston, Massachusetts 02108-1512

## Limited Liability Company
## Certificate of Organization
### (General Laws Chapter 156C, Section 12)

Federal Identification No.: _____

(1) The exact name of the limited liability company:

Dining Alliance, LLC

(2) The street address of the office in the commonwealth at which its records will be maintained:

307 Waverly Oaks Road, Suite 401, Waltham, MA 02452

(3) The general character of the business:

Group purchasing organization operating in the food service industry and any and all other activities in which a limited liability company organized under General Laws Chapter 156C may engage.

(4) Latest date of dissolution, if specified: _____

(5) The name and street address, of the resident agent in the commonwealth:

| NAME | ADDRESS |
|---|---|
| Russell N. Stein, Esq. | Ruberto, Israel & Weiner, P.C.<br>255 State Street, 7th Floor<br>Boston, MA 02109 |

(6) The name and business address, if different from office location, of each manager, if any:

| NAME | ADDRESS |
|---|---|
| John B. Davie | 307 Waverly Oaks Road, Suite 401<br>Waltham, MA 02452 |

**App. 0077**

(7) The name and business address, if different from office location, of each person in addition to manager(s) authorized to execute documents filed with the Corporations Division, and at least one person shall be named if there are no managers:

| NAME | ADDRESS |
|---|---|
| Christina Davie Donahue | 307 Waverly Oaks Road, Suite 401 Waltham, MA 02452 |
| Sarah M. Davie | 307 Waverly Oaks Road, Suite 401 Waltham, MA 02452 |
| John B. Davie | 307 Waverly Oaks Road, Suite 401 Waltham, MA 02452 |

(8) The name and business address, if different from office location, of each person authorized to execute, acknowledge, deliver and record any recordable instrument purporting to affect an interest in real property recorded with a registry of deeds or district office of the land court:

| NAME | ADDRESS |
|---|---|
| John B. Davie | 307 Waverly Oaks Road, Suite 401 Waltham, MA 02452 |
| Christina Davie Donahue | 307 Waverly Oaks Road, Suite 401 Waltham, MA 02452 |
| Sarah M. Davie | 307 Waverly Oaks Road, Suite 401 Waltham, MA 02452 |

(9) Additional matters:

None.

Signed by *(by at least one authorized signatory):* ___/s/ John B. Davie_____

Consent of resident agent:

I   Russell N. Stein, Esq. _____,

resident agent of the above limited liability company, consent to my appointment as resident agent pursuant to G.L. c 156C § 12*

*or attach resident agent's consent hereto.

**App. 0078**

MA SOC   Filing Number: 201902878230     Date: 6/6/2019 2:26:00 PM

THE COMMONWEALTH OF MASSACHUSETTS

I hereby certify that, upon examination of this document, duly submitted to me, it appears

that the provisions of the General Laws relative to corporations have been complied with,

and I hereby approve said articles; and the filing fee having been paid, said articles are

deemed to have been filed with me on:

June 06, 2019 02:26 PM

WILLIAM FRANCIS GALVIN

*Secretary of the Commonwealth*

```
 1              IN THE UNITED STATES DISTRICT COURT
              FOR THE NORTHERN DISTRICT OF TEXAS
 2                    FORT WORTH DIVISION
 3    BEN E. KEITH, CO. d/b/a         )
      BEN E. KEITH FOODS,             )
 4    Plaintiff/Counterclaim Defendant)
                                      )
 5    vs.                            )Civil Action No.
                                      )2:20-cv-00133-A
 6                                    )
      DINING ALLIANCE, LLC            )
 7    BUYERS EDGE PLATFORM, LLC AND   )
      CONSOLIDATED CONCEPTS, LLC      )
 8    Defendant/Counterclaim Plaintiff)
 9
10
11            ORAL AND VIDEOTAPED DEPOSITION
12      DESIGNATED REPRESENTATIVE OF DINING ALLIANCE, INC.
13                   (JOSEPH CORRIGAN)
14                  SEPTEMBER 28, 2021
15       ORAL AND VIDEOTAPED DEPOSITION OF DESIGNATED
16    REPRESENTATIVE OF DINING ALLIANCE, INC., produced as a
17    witness at the instance of the Plaintiff/Counterclaim
18    Defendant and duly sworn, was taken in the above-styled
19    and numbered cause on the 28th day of September, 2021,
20    from 9:56 a.m. to 5:42 p.m., via Zoom, Katharene
21    McCulley, Certified Shorthand Reporter in and for the
22    State of Texas, reported by computerized stenotype
23    machine, pursuant to the Federal Rules of Civil
24    Procedure and the provisions stated on the record or
25    attached hereto.
```

                                                    Page 1

App. 0080

APPEARANCES

FOR PLAINTIFF/COUNTERCLAIM DEFENDANT:

    STEPHEN D. TAYLOR
    WINSTEAD, PC
    300 Throckmorton Street
    Suite 1700
    Fort Worth, Texas  76102
    Telephone: 817-420-8200 - Fax: 817-420-8201
    E-mail: cwoodcook@winstead.com

FOR DEFENDANT/COUNTERCLAIM PLAINTIFF DINING ALLIANCE,
LLC:

    JOSEPH CRIMMINS
    ADAM L. LITTMAN
    BEN GREENE
    ARENT FOX LLP
    800 Boylston Street
    Boston, Massachusetts 02199
    Telephone: 617-973-6273
    E-mail: joseph.crimmins@arentfox.com

FOR COUNTERCLAIM DEFENDANT FOODBUY, LLC:

    WILLIAM SNYDER
    ALYSON FILLERS
    BRADLEY ARANT BOULT CUMMINGS
    1445 Ross Avenue
    Suite 3600
    Dallas, Texas  75202
    Telephone: 214-939-8714 - Fax : 214-939-8787
    E-mail: wnsnyder@bradley.com

ALSO PRESENT:
Craig Woodcook - General Counsel for Ben E. Keith
John Davie - Dining Alliance CEO
Sara-Jade Pragasam
Tina Donahue

Page 2

---

INDEX

                        PAGE
CORPORATE REPRESENTATIVE FOR DINING ALLIANCE
(JOSEPH CORRIGAN)
Examination by Mr. Taylor ....................10
Further Examination by Mr. Snyder .............217
Signature Page ..............................299
Court Reporter's Certificate ................301

EXHIBITS
EXHIBIT    DESCRIPTION        PAGE

Exhibit 8   Mutual Release, Settlement and   74
      Compromise Agreement
Exhibit 9   First Amendment to the Mutual   102
      Release, Compromise and Settlement
      Agreement
Exhibit 9A  Second Amendment to the Mutual   102
      Release, Compromise and Settlement
      Agreement
Exhibit 17  BEK Suspicious LOT Stats   130
Exhibit 18  Dining Alliance MAP Letter of   61
      Participation Form for Bush's
      Victoria
Exhibit 18A  MAP Letter of Participation   62
      Form for Cattlemen's Steakhouse

Exhibit 102 Notice of Deposition   114

Page 3

---

EXHIBITS (cont.)
EXHIBIT    DESCRIPTION        PAGE
Exhibit 103  Dining Alliance, Manufacturer   239
      Appreciation Program, Letter of
      Participation Form
Exhibit 104  Email October 24, 2018   258
Exhibit 105  Email December 10, 2018   264
Exhibit 106  Confidential Settlement and   277
      Release Agreement

Page 4

---

PROCEEDINGS

    COURT REPORTER:  We'll go under the Federal Rules as per objections and then signature for the witness.  The attorneys have agreed to waive the full read-in under the Federal Rules for the deposition.

    Okay.  Is there anything else you want to discuss on my court reporter record off the video record.

    Anything else?

    MR. TAYLOR:  One quick thing, for -- in federal court here in my -- in the Northern District -- and -- and, Will, correct me if you think I'm wrong in this, but -- allows form objections, however, the Federal Rules, you know, require actual stated objections, so didn't know if you guys wanted to address that now and have an agreement going forward in all of these depositions on -- if we're doing form or if we're doing actual stated objections.

    MR. CRIMMINS:  Again, it's your deposition -- or I don't know whose notice is going first, but whatever procedure you guys want to follow, you let me know, and if I have an objection to it, I'll -- I'll let you know.

    MR. TAYLOR:  Okay.  Will, do you have any thoughts?

Page 5

---

2 (Pages 2 - 5)

1    A    All the -- yeah, I mean, relative to this case,
2    the Buyers Edge Platform is parent organization to
3    Dining Alliance and Consolidated Concepts.  And forgive
4    me, I don't have a caption that has all of the names.
5    But as it relates to this case, I think those are the
6    three relevant parties.
7    Q    (By Mr. Taylor) Okay.  So Buyers Edge is parent
8    company to Dining Alliance; is that correct?
9    A    Correct.
10   Q    Okay.  Does it -- is it the sole owner of
11   Dining Alliance?
12   A    It is.
13   Q    All right.  And -- and then I may have missed.
14         How is Consolidated Concepts in the mix
15   there?  Is it also a subsidiary of the Buyers Edge?
16   A    Wholly-owned subsidiary of Buyers Edge, yep.
17   Q    Okay.  And does Buyers Edge own any other
18   entities?
19   A    Yeah, roughly 24.
20   Q    Okay.  Are they GPOs?
21   A    Not many of them.  The only other GPO would be
22   Source1 -- well, Source1 Purchasing would be the one
23   that stands out.  We're in the hospitality space.
24   Q    Okay.  And I don't want to get into what each
25   of these are, but, generally, these other entities, are

1    they in the restaurant or -- or the food distribution
2    business?
3    A    They're in the food technology and food service
4    group purchasing business, is how I would characterize
5    it.
6    Q    Okay.  And if you know, who are the -- who owns
7    Buyers Edge?
8    A    Who are the individual owners or shareholders
9    of Buyers Edge Platform?
10   Q    Correct.
11   A    There are a series of holding companies,
12   approximately four or five, some of which have
13   shareholders that are individuals and others have
14   shareholders that are -- are private equity partners.
15        MR. CRIMMINS:  Can I just -- I'm sorry,
16   Stephen, I want to just make sure we're clear what we're
17   doing here in terms of designating portions of
18   deposition transcripts to be confidential, eyes only,
19   super eyes only, whatever the three different levels
20   are.
21        MR. TAYLOR:  Yeah.
22        MR. CRIMMINS:  So let -- let me say this,
23   Joe, if -- I'm going to do my best to anticipate what I
24   think may want some heightened designation.  But, if at
25   any time that you are about to answer a question that

1    you think you are going to testify about information
2    that Dining Alliance wants to be eyes only or whatever,
3    so indicate, we will then get whoever needs to get off
4    the video, off.  We'll then have the court reporter
5    designate that portions of it at that heightened level.
6    I'm not suggesting this is a time, but I -- I want to
7    flag that issue now for everybody.
8         And also, to the extent, Stephen, I -- I
9    don't know how much further you're going to go into who
10   owns what and shares all that kind of stuff.  If you
11   are, I can tell you it's going to be a heightened
12   designation, but -- okay.
13        Joe, so just keep that in mind as you
14   testify, if -- if there's anything you want confidential
15   or attorneys eyes only or outside counsel eyes only,
16   let -- let us know.
17        THE WITNESS:  Yeah.  I mean, the general
18   structure that I provided to Mr. Taylor, I think I'm
19   comfortable enough with that.  If you'd like more
20   detail, I ask that we certainly designate the transcript
21   as confidential.
22        Q    (By Mr. Taylor) Yeah, that -- so I do have a
23   couple more questions on this.  And if you think we need
24   to designate that in response to my question, certainly,
25   feel free to do so.

1         The -- you had mentioned four or five
2    holding companies own Buyers Edge.  Do you know the
3    names of those?
4    A    Yeah, I know at least three or four of them.
5    There is the Dining Alliance hold co., a BEP hold co., a
6    CC hold co., and a hold co. called Arugula.
7    Q    Okay.  And are you -- individually, are you an
8    owner of Buyers Edge or any of the holding companies
9    that we just discussed that are the owners of Buyers
10   Edge?
11   A    I am an owner of one of the hold- -- holding
12   cos -- one of the shareholders in one of the holding
13   companies.
14   Q    Okay.  And which one is that?
15   A    Buyers Edge Platform, a BEP hold co.
16   Q    Do you own or have ownership in any other
17   entities that are in the food service industry?
18   A    No.
19   Q    All right.  And we talked about your role
20   generally from March 2014 to the present, and I'll
21   circle back some more questions on that, but I'd like to
22   go ahead and get your employment prior to March.
23        So where -- where did you work before
24   March of 2014?
25   A    Prior to March 2014, from roughly March of 2002

```
 1                IN THE UNITED STATES DISTRICT COURT
                 FOR THE NORTHERN DISTRICT OF TEXAS
 2                        FORT WORTH DIVISION
 3               CIVIL ACTION NO. 4:20-cv-00133-A
 4
    BEN E. KEITH, CO., d/b/a
 5  BEN E. KEITH FOODS,
 6       Plaintiff/Counterclaim
         Defendant,
 7
    vs.
 8
    DINING ALLIANCE, LLC, BUYERS
 9  EDGE PLATFORM, LLC, and
    CONSOLIDATED CONCEPTS, LLC,
10
         Defendants/Counterclaim
11       Plaintiffs,
    and
12
    FOODBUY, LLC,
13
         Counterclaim Defendant.
14  _____/
15
                           Zoom Meeting
16                         Wednesday, 10:05 a.m.-6:51 p.m.
                           November 3, 2021
17
18
            CONTINUED VIDEOTAPED DEPOSITION OF
19                  CHRISTINA DAVIE DONAHUE
        AS DESIGNATED REPRESENTATIVE OF DINING ALLIANCE
20              Volume 2, Pages 224-548
21        Taken on Behalf of the Defendants before
22      Lisa Gerlach, Court Reporter, Notary Public
23      in and for the State of Florida at Large,
24      pursuant to Defendants' Notice of Taking
25      Deposition in the above cause.

                                      Page 224
```

```
 1          Appearances via Zoom:
 2          Counsel for the Plaintiff:
 3          STEPHEN D. TAYLOR, ESQUIRE
            Winstead, PC
 4          300 Throckmorton Street
            Suite 1700
 5          Fort Worth, TX 76102
            817-420-8200
 6          staylor@winstead.com
 7
            Counsel for the Defendant Dining Alliance:
 8
            JOSEPH P. CRIMMINS, ESQUIRE
 9          ADAM L. LITTMAN, ESQUIRE (joined late)
            Arent Fox, LLP
10          800 Boylston Street
            32nd Floor
11          Boston, MA 02199
            617-973-6100
12          joseph.crimmins@arentfox.com
            adam.littman@arentfox.com
13
14          Counsel for the Defendant Foodbuy:
15          WILLIAM S. SNYDER, ESQUIRE
            Bradley Arant Boult Cummings, LLP
16          1201 Elm Street
            Renaissance Tower, Suite 4400
17          Dallas, TX 75270
            215-257-9800
18          wsnyder@bradley.com
19
20          Also Present:
21          Kimberly Griffin, Videographer
            Marcus Perez, Legal Assistant
22          Joseph Corrigan, Esquire (joined late)
            John Davie (joined late)
23
24
25
```

                                          Page 225

**App. 0084**

```
 1                        INDEX
 2    WITNESS           EXAMINATION              PAGE
 3    Christina Davie Donahue
 4            Cross Continued by Mr. Snyder      227
 5            Outside Attorneys' Eyes Only       443-445
 6            Redirect by Mr. Taylor             446
 7            Outside Attorneys' Eyes Only       448-449
 8            Outside Attorneys' Eyes Only       539-544
 9    Certificate of Oath                        545
10    Certificate of Reporter                    546
11    Witness Review Letter                      547
12    Errata Sheet                               548
13                   EXHIBITS REFERRED TO
14    Exhibit 7     Affidavit of Witness         516
15    Exhibit 8     Settlement Agreement         238
16    Exhibit 15    Email                        487
17    Exhibit 101   Email                        532
18    Exhibit 103   Dining Alliance LOP Form     245
19    Exhibit 115   Email                        507
20    Exhibit 117   Email                        510
21    Exhibit 118   Email                        512
22    Exhibit 136   Ben E. Keith Retention Campaign 485
23    Exhibit 148   Email                        504
24
25
                                          Page 226
```

1          Do you recall that?

2          MR. CRIMMINS:  Object to the form.  Will,

3      if we're going to get into ownership of

4      entities, I'm going to designate this as

5      outside attorneys' eyes only.

6          MR. SNYDER:  Okay.

7  BY MR. SNYDER:

8      Q.  Did you tell me earlier, when you were

9  deposed on October 12th, that you do not know who it

10 is that owns Dining Alliance?

11         MR. CRIMMINS:  Object to the form.

12         You can answer that "yes" or "no" or "I

13     don't know."

14     A.  I don't believe I said that.

15 BY MR. SNYDER:

16     Q.  Do you know who owns Dining Alliance?

17     A.  Yes.

18         MR. CRIMMINS:  Okay.  If we're going to

19     ask the follow-up question, which I assume

20     you are, everything from this point forward,

21     until I say otherwise, is outside attorneys'

22     eyes only.

23     **OUTSIDE ATTORNEYS' EYES ONLY PORTION EXTRACTED**

24

25

                                    Page 442

App. 0086

** OUTSIDE ATTORNEYS' EYES ONLY **

```
1              (This begins "Outside Attorneys' Eyes

2          Only" section:)

3      BY MR. SNYDER:

4          Q.   Who is it that owns Dining Alliance?

5          A.   Buyers Edge Platform.

6          Q.   What individuals, if any, own Dining

7      Alliance?

8          A.   John Davie, myself, Sarah Davie, Joe

9      Corrigan, and Bregal Sagemount.

10         Q.   Are those the same individuals that own stock

11     or they control all the stock ownership in Buyers Edge

12     Platform?  I guess units, since it's an LLC.

13         A.   Those are the owners, and Clifford Davie.

14         Q.   Do they own separate units in Dining Alliance

15     or they just own somehow through their units in Buyers

16     Edge?

17         A.   I don't have full knowledge of the exact

18     structuring of each brand.

19         Q.   Is it somehow necessary to keep confidential

20     who the owners of Dining Alliance are?

21             MR. CRIMMINS:  Objection.

22         A.  (No response.)

23     BY MR. SNYDER:

24         Q.  Is that confidential information?

25         A.  I don't think so.
```

Page 443

** OUTSIDE ATTORNEYS' EYES ONLY **

1      Q.  Is it confidential information who the owners

2  of Buyers Edge platform are?

3          MR. CRIMMINS:  Object to the form.  You

4      can answer.

5      A.  I don't think so.

6  BY MR. SNYDER:

7      Q.  You and your brother, on the internet and

8  elsewhere, are freely telling people that you're

9  owners of Buyers Edge and Dining Alliance; aren't you?

10     A.  I believe we say we're owners of Buyers Edge

11 Platform, yes.

12     Q.  Are you aware of the fact that your brother's

13 LinkedIn page currently says he's an owner of Dining

14 Alliance?

15     A.  No.  I haven't looked at his page.

16     Q.  Okay.  But, to your knowledge, there's

17 nothing secret or confidential about the way that

18 Dining Alliance or Buyers Edge are owned or operated.

19         Is that fair to say?

20         MR. CRIMMINS:  Object to the form.

21     A.  That seems fair.

22         MR. SNYDER:  I'm done.  Joe, we're going

23     to have some discussions about this very

24     liberal over-designation of things like that

25     that are just unfounded, but we'll save that

                                          Page 444

** OUTSIDE ATTORNEYS' EYES ONLY **

```
 1        for later.  I'm ready to pass to Stephen.
 2            MR. CRIMMINS:  All right.  Let's take a
 3        ten-minute break.  We'll be back in ten
 4        minutes.
 5            THE VIDEOGRAPHER:  The time is
 6        approximately 3:56.  We are going off the
 7        record.
 8            (Brief recess.)
 9            (This is the end of the "Outside
10        Attorneys' Eyes Only" section.)
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```

Veritext Legal Solutions
800-336-4000

App. 0089