THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| BEN E. KEITH, CO. d/b/a/ BEN E. KEITH FOODS, | § § § § | |
| *Plaintiff/Counterclaim Defendant* | § § | |
| v. | § § | Civil Action No. 4:20-cv-00133-P |
| DINING ALLIANCE, LLC, BUYERS EDGE PLATFORM, LLC, and CONSOLIDATED CONCEPTS, LLC, | § § § § § | |
| *Defendants/Counterclaim Plaintiff/ Counterclaim Defendant* | § § § | |
| v. | § § | |
| FOODBUY, LLC, *Counterclaim Plaintiff/ Counterclaim Defendant* | § § § § | |

**FOODBUY'S REPLY IN SUPPORT OF ITS OPPOSED MOTION TO DISMISS ITS COUNTERCLAIM AND AMEND THE COURT'S FINAL JUDGMENT**

**TO THE HONORABLE MARK T. PITTMAN, UNITED STATES DISTRICT JUDGE FOR THE NORTHERN DISTRICT OF TEXAS:**

Foodbuy, LLC ("Foodbuy") files this Reply in Support of Its Opposed Motion to Dismiss Its Counterclaim and Amend the Court's Final Judgment ("Motion")[1] and would respectfully show the Court as follows:

Based on Dining Alliance, LLC's Response to Foodbuy, LLC's Opposed Motion to Dismiss Its Counterclaim and Amend the Court's Final Judgment ("Response"),[2] it appears Foodbuy, and Dining Alliance ("DA") have no dispute concerning the appropriate disposition of Foodbuy's counterclaim: dismissal without prejudice. Nevertheless, the Response compels

---

[1] Doc. 247.
[2] Doc. 252.

1

Foodbuy to clarify that, contrary to DA's arguments: (1) through its conferral discussions with DA leading up to the filing of its Motion, Foodbuy had no intention of "manufacturing a dispute" with DA; and (2) the Court's January 28, 2022 Final Judgment[3] did not effectively dismiss Foodbuy's counterclaim.

Foodbuy does not wish to burden the Court with a blow-by-blow recap of how the parties' conferral discussions progressed, but Foodbuy can say with the utmost candor that it had no intention of "manufacturing a dispute." The email record makes clear, particularly Foodbuy's final email to DA (to which DA did not reply), that Foodbuy understood (or misunderstood) until the very end of its conferral discussions that DA was opposed to any dismissal of Foodbuy's counterclaim without prejudice, whether Foodbuy sought that relief through a stipulation or a motion. If Foodbuy had understood that, after stating several reasons for opposing Foodbuy's stipulation (none of which included the reason offered in DA's Response), DA was willing to revoke that opposition so long as Foodbuy sought a dismissal without prejudice pursuant to a Rule 41 Motion instead of a Rule 41 Stipulation, Foodbuy would have happily filed an agreed motion.

Indeed, from the get-go, Foodbuy would have been amenable to an agreed motion pursuant to Rule 41(a)(2) and (c), s*ee* FED. R. CIV. P. 41, but simply opted to obtain the dismissal via a joint stipulation because that seemed more efficient, and it was the same means that DA and Ben E. Keith had used to jointly dismiss the claims between them.[4] Regardless, it appears the parties may have been talking past each other at the end of their conferral discussions and Foodbuy apologizes for any misunderstanding on its part.

That said, Foodbuy disagrees with the Response's assertion that "[t]he record is clear that the Court dismissed via its January 28, 2022, Final Judgment in this case all the then-remaining

---

[3] Doc. 244.
[4] *See*, Doc. 222.

2

claims, including Foodbuy's counterclaim against [DA]."[5] The record is far from clear because the only dismissal in the Court's January 28, 2022 order is of "the counterclaim of [DA]."[6] The Court's judgment that followed likewise only stated that "the counterclaim of [DA] is dismissed."[7] The record, therefore, does not support DA's position that Foodbuy's counterclaim has been dismissed.

Neither does the law. Rule 54(b) contemplates "final judgment[s] as to one or more, but fewer than all, claims or parties." FED. R. CIV. P. 54(b). Rule 54(b) therefore supports the Court's January 28, 2022 Final Judgment, to the extent it finally adjudicated "fewer than all" claims – that is, all but Foodbuy's counterclaim. *Id.*

Lastly, as the Court knows, the Clerk's administrative closure of a case is not a determination regarding whether or not all claims have been finally adjudicated. First, the Clerk does not finally adjudicate claims; the Court does. Second, numerous cases in the Northern District of Texas have involved administrative closure without a final judgment on all claims, such as when a case is transferred inter-district or a prolonged stay necessitates the administrative closure of a case. *See, e.g.*, *One Vodka LLC, et al. v. Redemption Spirits LLC*, 3:21-cv-00002-C, Doc. 23 (inter-district transfer); *Rainier Arms LLC, et al v. Bureau of Alcohol Tobacco Firearms and Explosives, et al.*, 3:21-cv-00116-B, Doc. 29 (administrative closure during stay for agency review of rule); *Philadelphia Indemnity Insurance Co. v. 14725 Preston LLC, et al.*, 3:21-cv-00046-S, Doc. 43 (administrative closure during agreed abatement related to state-court action).

---

[5] Doc. 252 at 1.
[6] Doc. 243.
[7] Doc. 244.

As such, the record and law are clear that Foodbuy's counterclaim survived the January 28, 2022 Final Judgment. Thus, a stipulation or motion from Foodbuy was necessary to dismiss its counterclaim; and that remains so.[8]

For the reasons set forth above and given DA's statements that it does not oppose Foodbuy's Motion, Foodbuy respectfully requests that the Court grants its Motion and dismiss Foodbuy's counterclaim without prejudice.

Dated: March 7, 2022

Respectfully submitted,

By:  /s/ William S. Snyder
**WILLIAM S. SNYDER**
Texas Bar No. 00786250
wsnyder@bradley.com
**STACY D. SIMON**
Texas Bar No. 00788413
ssimon@bradley.com
**BRIAN M. GILLETT**
Texas Bar No. 24069785
bgillett@bradley.com
**DAVID C. MILLER**
Texas Bar No. 24110114
dmiller@bradley.com
**M. BOYCE HOLLEMAN**
Texas Bar No. 24126727
bholleman@bradley.com

**BRADLEY ARANT BOULT CUMMINGS LLP**
Fountain Place
1445 Ross Avenue, Suite 3600
Dallas, Texas 75202
(214) 257-9800 (Telephone)
(214) 939-8787 (Facsimile)

C. Bailey King, Jr.
North Carolina Bar No. 34043

---

[8] While DA stated it might not be opposed to a "motion seeking to clarify the [January 28, 2022 Order and Final Judgment]," Doc. 252 at 2, such a motion is not necessary for Foodbuy to dismiss its counterclaim. While DA seeks to alter or amend the January 28, 2022 Final Judgment, Doc. 250, Foodbuy's sought relief need not impact that Final Judgment—although an amendment to that Final Judgment to also provide that Foodbuy's counterclaim is dismissed *without prejudice* would have the same effect as a separate final judgment as to Foodbuy's counterclaim.

*Admitted Pro Hac Vice*
**BRADLEY ARANT BOULT CUMMINGS LLP**
214 N. Tryon Street, Suite 3700
Charlotte, North Carolina 28202
(704) 338-6000 (Telephone)
(704) 332-8858 (Facsimile)

**ATTORNEYS FOR COUNTERCLAIM DEFENDANT FOODBUY, LLC**

### CERTIFICATE OF SERVICE

On this 7th day of March 2022, I electronically submitted the foregoing document with the clerk of court for the U.S. District Court Northern District of Texas, using the electronic case filing system of the court. I hereby certify that I have served all counsel of record electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2).

*/s/ William S. Snyder*
William S. Snyder